**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WM. WRIGLEY JR. COMPANY, a Delaware corporation, | |
| Plaintiff, | |
| v. | Case No. 21-CV-02357 |
| TERPHOGZ, LLC, a California limited liability company, and JOHN DOES 1-5, | Judge |
| Defendants. | |

**COMPLAINT**

Plaintiff Wm. Wrigley Jr. Company ("Wrigley") alleges the following for its Complaint against Defendant Terphogz, LLC ("Terphogz") and Defendants John Does 1-5 ("Doe Defendants") (collectively, "Defendants").

**PRELIMINARY STATEMENT**

1.     Founded in 1891 in Chicago, Illinois, Wrigley is a leading candy manufacturer and owns the iconic SKITTLES brand for the fruit-flavored candy. Wrigley has invested nearly 50 years and hundreds of millions of dollars carefully cultivating the goodwill symbolized by the SKITTLES mark. More than a generation ago, Wrigley launched an advertising campaign for SKITTLES featuring the slogan TASTE THE RAINBOW. That campaign has become one of the longest-running, most successful campaigns in the history of advertising. Today, SKITTLES candy, each piece bearing the familiar S logo, is the best-selling, non-chocolate candy in the country, and the tagline TASTE THE RAINBOW is synonymous with SKITTLES. Packaging and advertising featuring Wrigley's SKITTLES mark, TASTE THE RAINBOW slogan, and S logo

are shown below (collectively, this mark, slogan, and logo are referred to as the "SKITTLES Marks"):






2.     Terphogz is in the business of selling cannabis, drug paraphernalia, and promotional merchandise. Rather than create its own brand architecture, Terphogz simply helped itself to Wrigley's famous SKITTLES Marks, picking "ZKITTLEZ" as the name of its drugs, knocking off Wrigley's federally registered TASTE THE RAINBOW slogan, and even copying Wrigley's S logo. *See* **Exhibit A**. Some of Terphogz's goods are depicted below:






















 

3.     Terphogz's freewheeling use of Wrigley's SKITTLES Marks has been enormously successful. Because ZKITTLEZ goods command a 20% premium in the market, Terphogz has reaped enormous profits. But those ill-gotten gains have come both at the expense of the public which believes that Wrigley approves the ZKITTLEZ goods being peddled by Terphogz and at the expense of Wrigley which has lost control over the reputation of its SKITTLES Marks.

4.     Unscrupulous companies like Terphogz who push drugs and drug paraphernalia using trademarks belonging to confectionery companies pose a danger to children. Illinois recently was forced to enact legislation prohibiting cannabis companies from disseminating advertising or packaging for cannabis or cannabis-related products that imitates candy labeling or packaging. *See* 410 Ill. Comp. Stat. 705/55-20 – 55-21.

5.     Wrigley commenced this action to protect the public from Terphogz's deceptive and dangerous business practices and to safeguard the goodwill and reputation of Wrigley's renowned SKITTLES Marks.

## NATURE OF THE ACTION

6.     This is an action for trademark infringement, false designation of origin, unfair competition, trademark dilution, cybersquatting, and related claims under the federal Lanham Act, 15 U.S.C. §§ 1114 and 1125, Illinois Uniform Deceptive Trade Practices Act, 815 Ill Comp. Stat. 510/1 *et seq.*, Illinois common law, and the Illinois Anti-Dilution Act, 765 Ill. Comp. Stat. 1036/65.

## PARTIES

7.     Wrigley is a Delaware corporation with its principal place of business at 1132 West Blackhawk Street, Chicago, Illinois 60642.

8.     Terphogz is a California limited liability company with its principal place of business at 45011 Ukiah Street, Mendocino, California 95460.

9.     The Doe Defendants are businesses located in Illinois who, on information and belief, purchase Terphogz's ZKITTLEZ goods and advertise and resell them to end users in Illinois. The identities of the Doe Defendants are presently unknown. Wrigley will amend its Complaint to allege the true names and capacities of Doe Defendants once that information has been ascertained.

## JURISDICTION AND VENUE

10.     The Court has subject matter jurisdiction over Wrigley's claims for trademark infringement, false designation of origin, unfair competition, trademark dilution, cybersquatting, and related claims because they arise under federal law. 15 U.S.C. § 1121; 28 U.S.C. §§ 1331, 1338. The Court has supplemental jurisdiction over Wrigley's state claims because they are so

related to the federal claims that they are part of the same case or controversy and derive from a common nucleus of operative facts. 28 U.S.C. § 1367(a).

11.     The Court has personal jurisdiction over Terphogz pursuant to the Illinois long-arm statute, 735 Ill. Comp. Stat. 5/2-209 *et seq.*, and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Terphogz transacts business in Illinois and has sufficient minimum contacts with Illinois. Terphogz purposefully avails itself of the benefits of conducting business in Illinois and can reasonably anticipate being sued here.

12.     Terphogz operates an interactive website at **zkittlez.com** where it advertises, distributes, and sells cannabis, cannabis- and cannabidiol ("CBD")-related goods, drug paraphernalia, clothing, and merchandise to Illinois residents under the marks ZKITTLEZ, TAZTETHEZTRAINBRO, ZKITTLEZ HEMP, ZKITTLEZ HEMP & Cloud Design, and a Z logo (collectively, these marks and logos are referred to as the "ZKITTLEZ Marks"). See pages from Terphogz's website attached as **Exhibit B**. Terphogz's **zkittlez.com** website enables a purchaser to calculate shipping charges using his or her zip code, including Illinois zip codes. Purchasers in Illinois buy ZKITTLEZ goods from Terphogz at **zkittlez.com**, and Terphogz ships those goods to them in Illinois. Terphogz also operates a Facebook account under the name "Zkittlez-Hemp-108831180811606" and Instagram accounts under the names "_zkittlez_" and "_zkittlez hemp_" and "terphogz," which advertise ZKITTLEZ goods to Illinois residents.

13.     Terphogz advertises and sells goods which bear and/or are distributed in packages bearing the ZKITTLEZ Marks to distributors and retailers who Terphogz knows in turn advertise and resell those goods to end users in Illinois.

14.     Terphogz's use of the ZKITTLEZ Marks is likely to cause confusion among consumers, end users, and others nationwide and in Illinois. Terphogz knows that Wrigley is

headquartered in Illinois and that the harm caused by Terphogz's and its distributors' and retailers' use of the ZKITTLEZ Marks—both inside and outside Illinois—is felt by Wrigley in Illinois.

15.     This Court has personal jurisdiction over the Doe Defendants because, on information and belief, they are located and doing business in Illinois. On information and belief, the Doe Defendants purchase cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise from Terphogz which products and/or product packaging bear the ZKITTLEZ Marks and advertise and resell those goods to end users in Illinois with Terphogz's actual knowledge.

16.     Venue is proper in this judicial district because this Court has personal jurisdiction over Terphogz and the Doe Defendants. 28 U.S.C. § 1391(b)(1). Terphogz and the Doe Defendants reside in this judicial district for purposes of 28 U.S.C. § 1391(c)(2), (d) because they are subject to personal jurisdiction in this district. Venue is also proper in this district because Wrigley resides and transacts business in this district and a substantial part of the events or omissions that give rise to Wrigley's claims occurred in this district. 28 U.S.C. § 1391(b)(2). Terphogz and, on information and belief, the Doe Defendants, transact business in this district, are committing tortious acts in this district, and are subject to the personal jurisdiction of this Court.

17.     Assignment of this action to the Eastern Division is proper because a substantial part of the events giving rise to the claims alleged herein occurred in this Division.

## **FACTS GIVING RISE TO WRIGLEY'S CLAIMS**

### I.     **Wrigley and Its SKITTLES Marks**

18.     Wrigley, a leading candy manufacturer based in Chicago, Illinois, owns the famous SKITTLES brand for candy.

19.     For generations, Wrigley and its predecessors have used the SKITTLES mark to sell candy throughout the United States. Each piece of SKITTLES candy features an S logo.

20.     Wrigley long ago launched an advertising campaign for SKITTLES candy which revolved around the slogan TASTE THE RAINBOW. That campaign continues to this day and is now among the longest running, most successful campaigns of all time. Wrigley uses "#tastetherainbow," "#onerainbow," and other rainbow-formative hashtags, tags, and symbols to advertise SKITTLES candy on social media, including Twitter, Facebook, and Instagram.

21.     Wrigley advertises SKITTLES candy during the Super Bowl and other highly watched events. Hundreds of millions of people have seen advertisements for SKITTLES candy.

22.     For a quarter of a century, Wrigley has operated a website at **skittles.com,** where it promotes SKITTLES candy and merchandise to millions that visit the site. Wrigley's Facebook page for SKITTLES has many millions of followers. Wrigley also advertises SKITTLES candy on Twitter, YouTube, and Instagram.

23.     Tens of thousands of retail stores nationwide sell SKITTLES candy, and Wrigley has distributed clothing and other merchandise, including lip balm, under the SKITTLES marks.

24.     Wrigley has earned billions of dollars from sales of SKITTLES candy in the United States. It has been the best-selling, non-chocolate candy in the United States for years and every day more than 200 million pieces of SKITTLES candy are manufactured.

25.     Wrigley's SKITTLES mark is famous and was so long before the unlawful conduct that forms the basis for this action.

26.     Wrigley owns common law trademarks for SKITTLES, TASTE THE RAINBOW, and the S logo for candy, clothing, and promotional merchandise. Wrigley also owns the following federal trademark registrations for the SKITTLEZ Marks:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| SKITTLES | 1,221,105 | December 21, 1982 | Candy |
|  | 2,535,714 | February 5, 2002 | Confectionery, namely candy |
|  | 2,727,071 | June 17, 2003 | Confectionery, namely, candy |
| SKITTLES | 4,175,199 | July 17, 2012 | Lip balm |
|  | 4,377,303 | July 30, 2013 | Candy |
|  | 4,393,854 | August 27, 2013 | Candy |
| TASTE THE RAINBOW | 5,073,429 | November 1, 2016 | Candy |

27.     Wrigley's trademark registrations for SKITTLES and the S logo are conclusive evidence of the validity of those marks, Wrigley's ownership of the marks, and Wrigley's exclusive right to use the marks in commerce in connection with the goods listed in the registrations. 15 U.S.C. § 1115(b). Wrigley's trademark registration for TASTE THE RAINBOW is prima facie evidence of the validity of that mark, Wrigley's ownership of the mark, and

Wrigley's exclusive right to use the mark in commerce in connection with the goods listed in the registration. 15 U.S.C. § 1057(b).

28.     Wrigley's federally registered and common law marks for SKITTLES, TASTE THE RAINBOW, and the S logo are inherently distinctive because they do not describe an attribute, quality, or characteristic of the candy or merchandise in connection with which they are used.

29.     Wrigley's SKITTLES Marks are widely recognized by the general consuming public in the United States as identifying the source of Wrigley's goods and were so long before Terphogz and the Doe Defendants began their unlawful conduct.

## II.     Terphogz and Its Infringement and Dilution of Wrigley's SKITTLES Marks

30.     Long after Wrigley started to offer candy and merchandise under the SKITTLES Marks, Terphogz began manufacturing, distributing, advertising, and selling cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise under the ZKITTLEZ Marks. Terphogz advertises, promotes, sells, and distributes goods under the ZKITTLEZ Marks to end users, including end users in Illinois, as well as to distributors and retailers who Terphogz knows in turn advertise, resell, and distribute those goods to end users in Illinois.

31.     Terphogz applied for nationwide protection in the U.S. Patent and Trademark Office ("USPTO") for the mark ZKITTLEZ HEMP & Cloud Design in three separate applications: (1) Ser. No. 88/703,408 for smokable hemp flower and trays for rolling hemp cigarettes; (2) Ser. No. 88/703,373 for CBD topical herbal extracts with a delta-9 tetrahydrocannabinol (THC) concentration; and (3) Ser. No. 88/703,451 for clothing. Terphogz's ZKITTLEZ HEMP & Cloud Design is depicted below:



32.     Terphogz admitted to the USPTO that Wrigley's SKITTLES mark "is well known for the colorful candy that [Wrigley] produces" and "is most likely considered famous under Trademark law for candy."

33.     Terphogz's ZKITTLEZ Marks are substantially identical in sight, sound, meaning, and commercial impression to Wrigley's SKITTLES Marks. Terphogz uses the same distinctive red color featured on packages of SKITTLES candy and the same colors of SKITTLES candy in connection with advertising, selling, and distributing its ZKITTLEZ goods.

34.     Terphogz advertises and sells cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise under the ZKITTLEZ Marks directly to end users on its Facebook page, Instagram accounts, and website **zkittlez.com**.

35.     Terphogz's **zkittlez.com** domain name is confusingly similar to Wrigley's famous SKITTLES mark for candy.

36.     Terphogz registered and is using **zkittlez.com** with a bad faith intent to profit from Wrigley's famous SKITTLES mark for candy.

37.     Terphogz's use of the ZKITTLEZ Marks is likely to cause confusion as to the source and sponsorship of Terphogz's goods and to impair the distinctiveness of Wrigley's SKITTLES Marks.

38.     Terphogz's use of the ZKITTLEZ Marks has caused Wrigley to lose control over the reputation associated with Wrigley's SKITTLES Marks.

39. Terphogz is using the ZKITTLEZ Marks to trade on the goodwill of Wrigley's SKITTLES Marks and to deceive consumers, end users, and others as to the source of Terphogz's goods.

### III. The Doe Defendants' Advertising and Resale of Terphogz's ZKITTLEZ Goods

40. On information and belief, the Doe Defendants are retailers located in Illinois who purchase goods from Terphogz which goods and/or their packaging bears the ZKITTLEZ Marks and then advertise and resell those goods to end users, including end users in Illinois, with Terphogz's knowledge.

41. The Doe Defendants' use of the ZKITTLEZ Marks is likely to cause confusion as to the source of the goods and to impair the distinctiveness of Wrigley's SKITTLES Marks. The Doe Defendants' use of the ZKITTLEZ Marks has caused Wrigley to lose control over the reputation associated with Wrigley's SKITTLES Marks.

42. Terphogz's and the Doe Defendants' use of the ZKITTLEZ Marks is damaging the goodwill symbolized by Wrigley's SKITTLES Marks and irreparably harming Wrigley and Wrigley has no adequate remedy at law.

### COUNT 1
### Trademark Infringement, False Designation of Origin, and Unfair Competition Under Federal Law (15 U.S.C. § 1114(1)) [Against All Defendants]

43. Wrigley re-alleges the allegations in Paragraphs 1 through 42, above.

44. Wrigley owns federal registrations for the SKITTLES Marks for candy and other goods.

45. Terphogz's and the Doe Defendants' use of the ZKITTLEZ Marks in connection with the manufacturing, advertising, promotion, marketing, distribution, and sale of cannabis,

cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise is likely to cause confusion that Wrigley licenses, sponsors, or approves those goods or is affiliated, connected, or otherwise associated with those goods.

46.     Terphogz advertises, sells, and distributes cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise which goods and/or packaging bear the ZKITTLEZ Marks to distributors and retailers who Terphogz knows in turn advertise, resell, and distribute those goods to end users, including end users in Illinois.

47.     Terphogz's and the Doe Defendants' use of the ZKITTLEZ Marks constitutes direct trademark infringement, false designation of origin, and unfair competition in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

48.     Terphogz's use of the ZKITTLEZ Marks also constitutes **contributory** trademark infringement, **contributory** false designation of origin, and **contributory** unfair competition in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

49.     Terphogz's and the Doe Defendants' wrongful conduct has caused and is continuing to cause irreparable harm to Wrigley for which Wrigley has no adequate remedy at law.

### COUNT 2
### Trademark Infringement, False Designation of Origin, and Unfair Competition Under Federal Law
### (15 U.S.C. § 1125(a))
### [Against All Defendants]

50.     Wrigley re-alleges Paragraphs 1 through 49, above.

51.     Wrigley owns federally registered and common law SKITTLES Marks for candy and other goods.

52.     Terphogz's and the Doe Defendants' use of the ZKITTLEZ Marks in connection with the advertising, promotion, marketing, distribution, and sale of cannabis, cannabis- and CBD-

related goods, drug paraphernalia, clothing, and merchandise is likely to cause confusion that Wrigley licenses, sponsors, or approves those goods or is affiliated, connected, or otherwise associated with those goods.

53.     Terphogz advertises, sells, and distributes cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise under the ZKITTLEZ Marks to distributors and retailers who Terphogz knows in turn advertise, resell, and distribute the goods to end users, including end users in Illinois.

54.     Terphogz's and the Doe Defendants' use of the ZKITTLEZ Marks constitutes direct trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55.     Terphogz's use of the ZKITTLEZ Marks also constitutes **contributory** trademark infringement, **contributory** false designation of origin, and **contributory** unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.     Terphogz's and the Doe Defendants' wrongful conduct has caused and is continuing to cause irreparable harm to Wrigley for which Wrigley has no adequate remedy at law.

## COUNT 3
### Trademark Dilution Under Federal Law
### (15 U.S.C. § 1125(c))
### [Against All Defendants]

57.     Wrigley re-alleges the allegations in Paragraphs 1 through 56, above.

58.     Wrigley owns a federal registration for SKITTLES for candy, Reg. No. 1,221,105.

59.     Wrigley's SKITTLES mark is distinctive, famous, and widely recognized by the general consuming public in the United States as a designation of the source of candy manufactured by Wrigley and was so long before Terphogz and the Doe Defendants began to use the mark ZKITTLEZ.

60. Terphogz's and the Doe Defendants' ZKITTLEZ mark closely resembles Wrigley's SKITTLES mark for candy.

61. Terphogz's and the Doe Defendants' use of the mark ZKITTLEZ in connection with cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise is likely to cause dilution by blurring by impairing the distinctive quality of Wrigley's SKITTLES mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

62. Terphogz's and the Doe Defendants' use of the mark ZKITTLEZ in connection with cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise is likely to cause dilution by tarnishment by harming the reputation of Wrigley's SKITTLES mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

63. Terphogz's use of the ZKITTLEZ mark in connection with cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise also constitutes **contributory** dilution by blurring and **contributory** dilution by tarnishment because Terphogz advertises, distributes, and sells those goods to distributors and retailers who Terphogz knows in turn advertise, resell, and distribute the goods to end users, including end users in Illinois.

64. Terphogz's and the Doe Defendants' wrongful conduct has caused and is continuing to cause irreparable harm to Wrigley for which Wrigley has no adequate remedy at law.

**COUNT 4**
**Violation of the Federal Anti-Cybersquatting Consumer Protection Act**
**(15 U.S.C. § 1125(d))**
**[Against Terphogz]**

65. Wrigley re-alleges the allegations in Paragraphs 1 through 64, above.

66. Wrigley owns the mark SKITTLES for candy and other goods.

67. Wrigley's SKITTLES mark is distinctive and famous and was so before Terphogz registered, trafficked in, and used the domain **zkittlez.com**.

68.     Terphogz's domain **zkittlez.com** is identical and confusingly similar to Wrigley's SKITTLES mark.

69.     Terphogz registered, trafficked in, and is using the domain **zkittlez.com** with a bad faith intent to profit from Wrigley's SKITTLES trademark.

70.     Terphogz's conduct constitutes cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

71.     Terphogz's wrongful conduct has caused and is continuing to cause irreparable harm to Wrigley for which Wrigley has no adequate remedy at law.

**COUNT 5**
**Illinois Uniform Deceptive Trade Practices Act**
**(815 Ill. Comp. Stat. 510/1 *et seq.*)**
**[Against All Defendants]**

72.     Wrigley re-alleges the allegations in Paragraphs 1 through 71, above.

73.     Wrigley owns the SKITTLES Marks for candy and other goods.

74.     Terphogz's and the Doe Defendants' use of the ZKITTLEZ Marks in connection with the advertising, promotion, marketing, distribution, and sale of cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise is likely to cause confusion that Wrigley licenses, sponsors, or approves those goods or is affiliated, connected, or otherwise associated with those goods.

75.     Terphogz advertises, distributes, and sells cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise under the ZKITTLEZ Marks to distributors and retailers, who Terphogz knows in turn advertise, resell, and distribute those goods to end users, including to end users in Illinois.

76. Terphogz's and the Doe Defendants' use of the ZKITTLEZ Marks constitutes deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.*

77. Terphogz's use of the ZKITTLEZ Marks also constitutes **<u>contributory</u>** deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.*

78. Terphogz's and the Doe Defendants' wrongful conduct has caused and is continuing to cause irreparable harm to Wrigley for which Wrigley has no adequate remedy at law.

**COUNT 6**
**Trademark Infringement, False Designation of Origin, and Unfair Competition Under Illinois Law**
**[Against All Defendants]**

79. Wrigley re-alleges the allegations in Paragraphs 1 through 78, above.

80. Wrigley owns the SKITTLES Marks for candy and other goods.

81. Terphogz's and the Doe Defendants' use of the ZKITTLEZ Marks in connection with the advertising, promotion, marketing, distribution, and sale of cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise is likely to cause confusion that Wrigley licenses, sponsors, or approves those goods or is affiliated, connected, or otherwise associated with them.

82. Terphogz advertises, sells, and distributes cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise under the ZKITTLEZ Marks to distributors and retailers who Terphogz knows in turn advertise, resell, and distribute those goods to end users, including end users in Illinois.

83. Terphogz and the Doe Defendants' use of the ZKITTLEZ Marks constitutes direct trademark infringement, false designation of origin, and unfair competition in violation of Illinois common law.

84. Terphogz's use of the ZKITTLEZ Marks also constitutes **contributory** trademark infringement, **contributory** false designation of origin, and **contributory** unfair competition in violation of Illinois common law.

85. Terphogz's and the Doe Defendants' wrongful conduct has caused and is continuing to cause irreparable harm to Wrigley for which Wrigley has no adequate remedy at law.

**COUNT 7**
**Illinois Anti-Dilution Act**
**(765 Ill. Comp. Stat. 1036/65)**
**[Against All Defendants]**

86. Wrigley re-alleges the allegations in Paragraphs 1 through 85, above.

87. Wrigley owns common law and federally registered marks for SKITTLES for candy, Reg. No. 1,221,105.

88. Wrigley's SKITTLES mark is distinctive, famous, and widely recognized by the general consuming public in the United States as a designation of source of candy manufactured by Wrigley and was so before Terphogz and the Doe Defendants commenced use of the mark ZKITTLEZ.

89. Terphogz's and the Doe Defendants' ZKITTLEZ marks closely resemble Wrigley's SKITTLES marks.

90. Terphogz's and the Doe Defendants' use of ZKITTLEZ marks in connection with cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise is likely to cause dilution by blurring by impairing the distinctive quality of Wrigley's SKITTLES marks in violation of the Illinois Anti-Dilution Act, 765 Ill. Comp. Stat. 1036/65.

91.     Terphogz's and the Doe Defendants' use of ZKITTLEZ marks in connection with cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise is likely to cause dilution by tarnishment by harming the reputation of Wrigley's famous SKITTLES marks in violation of the Illinois Anti-Dilution Act, 765 Ill. Comp. Stat. 1036/65.

92.     Terphogz's use of ZKITTLEZ marks in connection with cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise also constitutes **contributory** dilution by blurring and **contributory** dilution by tarnishment.

93.     Terphogz's and the Doe Defendants' wrongful conduct has caused and is continuing to cause irreparable harm to Wrigley for which Wrigley has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Wrigley respectfully asks the Court to:

a.      Enter judgment for Wrigley on each and every claim alleged in this Complaint;

b.      Enter a permanent injunction enjoining Terphogz and the Doe Defendants and each of their agents, servants, employees, attorneys, officers, and all others in privity and acting in concert with them from using or causing others to use the ZKITTLEZ Marks, including ZKITTLEZ, TAZTETHEZTRAINBRO, ZKITTLEZ HEMP, ZKITTLEZ HEMP & Cloud Design, and a Z logo alone or in combination with any other word(s), term(s), designation(s), mark(s), or design(s), *see* 15 U.S.C. § 1116 and 15 U.S.C. § 1125(c)(1);

c.      Order Terphogz and the Doe Defendants to deliver up for destruction all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession bearing the ZKITTLEZ Marks, alone or in combination with any other word(s), term(s), designation(s), mark(s), or design(s), *see* 15 U.S.C. § 1118;

d.      Order Terphogz to transfer the domain name **zkittlez.com** and all similar domain names to Wrigley and to permanently disable all social media accounts, including but not limited to Facebook, Twitter, and Instagram, operating under the names ZKITTLEZ, ZKITTLEZ HEMP, and all similar names, *see* 15 U.S.C. § 1125(d)(1)(C);

e.      Order Terphogz to abandon with prejudice U.S. Trademark Application Serial Nos. 88/703,408, 88/703,373, and 88/703,451 for the mark ZKITTLEZ HEMP & Cloud Design;

f.      Require Terphogz and the Doe Defendants to each file with the Court and serve on Wrigley within thirty (30) days after entry of an injunction and destruction order a report in writing under oath describing how they have complied with such order;

g.      Award reasonable attorney's fees and costs to Wrigley due to the exceptional nature of this case under 15 U.S.C. § 1117(a) and 815 Ill. Comp. Stat. 510/3; and

h.      Grant such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Wrigley hereby demands a trial by jury on all claims so triable.

Dated: May 3, 2021

By: /s/ Joseph T. Kucala, Jr.

Joseph T. Kucala, Jr. (Reg. No. 6275312)
KUCALA LAW
P.O. Box 547
New Lenox, IL 60451
Phone: (630) 453-8380
courts@kucalalaw.com

John J. Dabney (*pro hac vice* to be filed)
Mary D. Hallerman (*pro hac vice* to be filed)
SNELL & WILMER L.L.P.
2001 K Street N.W.
Suite 425 North
Washington, D.C. 20006
Phone: (202) 908-4261
jdabney@swlaw.com;
mhallerman@swlaw.com

*Attorneys for Plaintiff Wm. Wrigley Jr. Company*