**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WM. WRIGLEY JR. COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TERPHOGZ, LLC, a California limited liability company, and JOHN DOES 1-5,<br><br>Defendants. | Case No. 1:21-CV-02357<br><br>Judge: Hon. Sara L. Ellis<br><br>Magistrate: Hon. Young B. Kim |

**DEFENDANT TERPHOGZ, LLC'S FRCP 12(b) MOTIONS
<u>AND MOTIONS IN THE ALTERNATIVE TO TRANSFER VENUE</u>**

Defendant Terphogz, LLC respectfully moves to (a) dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over Defendant; (b) dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b)(3) for improper venue; (c) in the alternative to dismissal, transfer the case pursuant to 28 U.S.C. § 1631 to the Northern District of California; (d) in the alternative to transfer pursuant to 28 U.S.C. § 1631, transfer the case pursuant to 28 U.S.C. § 1406(a) to the Northern District of California where venue is proper; and (e) in the alternative to dismissal or transfer pursuant to 28 U.S.C. § 1631 or 28 U.S.C. § 1406(a), transfer the case pursuant to 28 U.S.C. § 1404. These motions are supported by the following and the concurrently filed Declaration of Jon Orantes.

## <u>INTRODUCTION</u>

This is an action for purported trademark infringement, trademark dilution, unfair competition, and cybersquatting. Plaintiff Wm. Wrigley Jr. Company ("Wrigley" or "Plaintiff") is a Delaware corporation with its principal place of business in Chicago. First Amended Complaint ("FAC") ¶ 7 [Dkt. 12]. Defendant Terphogz, LLC ("Terphogz" or "Defendant") is a California limited liability company with its principal place of business in Mendocino, California. *Id.* ¶ 8. Defendants John Does 1-5 ("Doe Defendants") are allegedly Illinois

businesses. *Id*. ¶ 9. Plaintiff claims that its marks related to its SKITTLES brand of candy are being infringed by Defendant's use of the mark ZKITTLES.

## STATEMENT OF FACTS

Defendant is company located in California operating under California's state-legal cannabis laws. Declaration of Jon Orantes ("Orantes Decl.") ¶ 1. Defendant has used ZKITTLEZ in some of its product branding, along with variations of the letter "Z," and has submitted three applications to register variations of ZKITTLEZ HEMP or ZKITTLEZ HEMP Z illustrated drawings with the U.S. Patent and Trademark Office. *Id.* ¶ 3. Defendant has five trademark registrations using the letter "Z," some of them incorporating the words "The Original," with the California Secretary of State. *Id*. Defendant has not obtained a registration in California for ZKITTLEZ. *Id*. Another company has registered ZKITTLEZ KOLA in California without Defendant's consent. *Id.* ¶ 4. Defendant understands that some other parties unrelated to Defendant and outside Defendant's control, some of them in the cannabis industry, are using and/or have registered and/or used variations of ZKITTLEZ without Defendant's consent. *Id*.

In the past, Defendant had a website where individuals could purchase merchandise bearing Defendant's various branding and design concepts. *Id*. ¶ 5. The website was accessible to residents of all states. *Id*. All decisions by Defendant regarding marketing, sales, and product development, including decisions relating to branding, have been made and implemented in California. *Id*. ¶ 14.

Defendant has only had eight (8) transactions with Illinois residents through its website, consisting of twelve (12) items of merchandise. *Id*. ¶ 7. This amounted to $634.98 in total sales. *Id*. In contrast, Defendant has sold approximately four-hundred and eighty-eight (488) items of merchandise to residents of other states. *Id*. ¶ 6. In California, this consisted of one-hundred and eighty-four (184) transactions, with sales totaling $13,482.36. *Id*. Defendant has not run any targeted advertisements aimed at Illinois, has not had any corporate officers or owners travel to Illinois on business-related matters, and has never formed any business relationships with any Illinois companies. *Id*. ¶ 8. The sole connection with Illinois is the very limited sale of

merchandise to Illinois residents, which constituted approximately less than three percent (3%) of the total items of merchandise sold through its website. *Id.* ¶¶ 6-8.

## ARGUMENT

### I.    PLAINTIFF CANNOT ESTABLISH PERSONAL JURISDICTION OVER DEFENDANT

#### A.    Legal Standard for a Rule 12(b)(2) Motion

Rule 12(b)(2) requires dismissal when the Court lacks personal jurisdiction over the defendant. Fed.R.Civ.P. 12(b)(2). In federal question cases, personal jurisdiction is determined by: (1) whether the defendant is amendable to service of process; and (2) whether the exercise of personal jurisdiction is consistent with due process. *Omni Capital Int'l v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987); *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010).

Whether a defendant is amenable to service is determined by Rule 4(k). *uBID*, 623 F.3d at 425. This requirement is met under Rule 4(k)(1)(C) if the statute that creates federal question jurisdiction authorizes nationwide service of process, and under Rule 4(k)(1)(A) if the defendant would be subject to jurisdiction in a court in Illinois. *Illinois v. Hemi Group LLC*, 622 F.3d 754, 756 (7th Cir. 2010).

The Lanham Act does not authorize nationwide service of process, so personal jurisdiction exists only if authorized by the U.S. Constitution and the relevant state's long-arm statute. *be2 LLC v. Ivanov,* 642 F.3d 555, 558 (7th Cir. 2011); *Tamburo v. Dworkin,* 601 F.3d 693, 700 (7th Cir. 2010)); *Advanced Tactical Ordnance Sys., v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) (explaining standard for Lanham Act and state law claims).

The plaintiff has the burden of establishing personal jurisdiction over a defendant. *Cent. States, etc. Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000). Once the defendant has "submitted affidavits or other evidence in opposition to the exercise of jurisdiction . . . the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2009). The court accepts as true any facts in the defendant's affidavit that

are not refuted by the plaintiff. *Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 905 (N.D. Ill. 2003).

General jurisdiction arises when the defendant has continuous and systematic contacts with the forum state, which is generally the defendant's residence, principal place of business, or place of incorporation. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction arises where the defendant "purposefully directs it activities at the forum state and the alleged injury arises out of those activities." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs.,* 623 F.3d 440, 444 (7th Cir. 2010). The necessary contacts must be created *by the defendant*, not others, and must involve the defendant's "*suit-related conduct*." *Walden v. Fiore*, 571 U.S. 277, 284–85 (2014); *Advanced Tactical*, 751 F.3d at 801 (emphasis added).

### B.     Defendant Does Not Have Sufficient Minimum Contacts With This District

Plaintiff's First Amended Complaint alleges specific jurisdiction. FAC ¶¶ 10-15. Plaintiff argues that Defendant is subject to personal jurisdiction because it "transacts business in Illinois" and operates the "zkittlez.com" website, where Plaintiff alleges Defendant directed sales of merchandise to customers in Illinois. *Id*. ¶¶ 11-12. Further, Plaintiff contends Defendant uses social media to advertise in Illinois and that "John Does 1-5" are businesses located in Illinois that sell Defendant's goods in Illinois. *Id*. ¶ 13-15.

Plaintiff's primary grievance is that Defendant is in the cannabis business. *Id*. ¶¶ 2, 4-5, 30, 33, 47-48, 54-55, 63-65. Plaintiff alleges that "Unscrupulous companies like Terphogz who push drugs and drug paraphernalia using trademarks belonging to confectionary companies pose a danger to children." *Id.* ¶ 4.  But Defendant only licenses its mark to companies that sell cannabis goods to individuals of at least 21 years of age in state-licensed dispensaries in California and Oregon. Orantes Decl. ¶ 2. Defendant operates lawfully in a highly regulated industry and does not license it mark to any companies that sell goods to children. *Id*. ¶¶ 1-2. Further, Defendant does not engage in any cannabis-related activities in Illinois, and has not entered into any licenses with any third parties in Illinois. *Id*. ¶¶ 4, 8-14.

**No Targeting of Illinois**. Defendant's online activity did not purposefully exploit or target Illinois. *be2 LLC*, 642 F.3d at 558-59; *Hemi,* 622 F.3d at 760 ("Courts should be careful in resolving questions of personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'"). "[S]imply operating an interactive website that is accessible from the forum state" is insufficient to establish personal jurisdiction. *be2 LLC*, 642 F.3d at 558-59 (the fact that twenty Illinois residents had created dating profiles using defendant's website was insufficient for personal jurisdiction); *Am. Bridal & Prom Indus. Ass'n v. Partnerships & Unincorporated Associations etc.*, 192 F. Supp. 3d 924, 933 (N.D. Ill. 2016) ("[The] fact that customers might receive emails in the forum state, or might access [defendant's] website in the forum state, is not important."). Operating a website that is equally accessible to all fifty states is not "targeting" for purposes of personal jurisdiction. *United Airlines, Inc. v. Zaman*, 152 F. Supp. 3d 1041, 1054 (N.D. Ill. 2015); *Advanced Tactical*, 751 F.3d at 801 (a defendant should not be "haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'"); *Jennings v. AC Hydraulic*, 383 F.3d 546, 550 (7th Cir. 2004) (warning against "almost universal personal jurisdiction" if it was solely based on website access).

Three Seventh Circuit cases provide insight into the showing necessary to establish the substantial targeting element of minimum contacts. In *uBid*, the Seventh Circuit found the defendant's targeting of the Illinois market was substantial based on the "extensive national advertising" which included "physical ads in particular Illinois venues." *uBid*, at 427-28. The defendant had "hundreds of thousands of customers" in Illinois. *Id*. at 428. In *Hemi*, the defendant sold nearly 300 packages of cigarettes in Illinois over multiple years. *Hemi*, 622 F.3d at 760. In *Curry v. Revolution Labs., LLC*, 949 F.3d 385 (7th Cir. 2020), the defendant sold an infringing product to 767 Illinois customers. *Curry*, 949 F.3d at 399. This volume of sales made it "sufficient that the defendant reasonably could foresee that its products would be sold in the forum." *Id*.

The claims here come nowhere close to those that supported jurisdiction in *uBid*, *Hemi*, and *Curry*. Defendant merely uses and licenses its marks for legal cannabis products sold in California and Oregon. Orantes Decl. ¶ 2, 13. Defendant is not in the business of selling merchandise; indeed, the sales were handled by just one member of the LLC, and the sales were so inconsequential that the member was allowed by the other members to just retain the profits as compensation. *Id*. ¶ 5. In fact, Defendant's sales into Illinois consisted of less than 3% of the total sales it made through its website – a mere twelve items of merchandise amounting to $634.98 in total. *Id*. ¶ 7. *See Richter v. INSTAR Enters. Int'l, Inc.*, 594 F. Supp. 2d 1000, 1007 (N.D. Ill. 2009) (if a defendant's sales in a state are only a small percentage of the total sales the company makes, its contact with the forum state cannot be said to be substantial).

Moreover, the heart of this lawsuit is the allegation that Plaintiff's SKITTLES marks are being tarnished by Defendant's participation in the cannabis business, which is occurring in California and Oregon. *See e.g.,* FAC ¶¶ 5, 42. Defendant has not sold any cannabis products in Illinois, and has not even visited Illinois for business purposes. Orantes Decl. ¶ 8. Plaintiff is in the nationwide candy business, and Defendant is in the cannabis business, and even assuming for sake of argument that consumers might be confused by Defendant's product branding, the injury to Plaintiff would only be in California and Oregon. It would not be in Illinois.

Plaintiff's complaints about Defendant's social media activity also fail to support personal jurisdiction. FAC ¶ 12. Mere use of an allegedly infringing mark on a website or social media page (such as Instagram or Facebook) that can be viewed anywhere in the nation is insufficient to establish minimum contacts. *Sullivan v. Bickler*, 360 F. Supp. 3d 778, 784–85 (N.D. Ill. 2019).

**Illinois Contacts Not Suit-Related.** Further, as discussed above, Plaintiff cannot establish that any contact between Defendant and Illinois is sufficiently suit-related for personal jurisdiction. Plaintiff carries the burden of showing that the alleged contacts arise out of the relationship between the defendant, the forum, and the litigation. *Walden*, 571 U.S. at 291; *Daimler AG v. Bauman*, 571 U.S. 117, 127-29 (2014) (Plaintiff must show "specific contacts

with the forum state as they relate to or arise from the cause(s) of action.").

Plaintiff asserts that Defendant's minimal non-cannabis merchandise sales in Illinois are sufficiently suit-related to support jurisdiction because they involved infringing marks. FAC ¶¶ 12, 14. However, given the nature of the parties' businesses, the connection between the defendant, the forum, and the litigation is extremely attenuated. *See Burger King*, 471 U.S. at 475 (the defendant's contacts must be more than "'random,' 'fortuitous,' or 'attenuated.'"). The activities that Plaintiff asserts are infringing and dilute its marks occur in in California, not Illinois. *See Walden*, 571 U.S. at 291. The few consumers located in Illinois who have purchased sweatshirts and the like from Defendant did so using a website accessible nationwide. Orantes Decl. ¶¶ 5-7. Defendant does not send corporate officers or employees into Illinois. *Id*. ¶ 8; *Walden*, 571 U.S. at 291 ("[Defendant's] relevant conduct occurred entirely in Georgia, and the mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction.").

The Seventh Circuit has confirmed that typically, the location where trademark infringement occurs is where the company or person that allegedly infringed is located, not where the effects of the infringement occurred. *See Ariel Inves., LLC v. Ariel Capital Advisors LLC*, 881 F.3d 520, 523 (7th Cir. 2018). Here, any alleged infringement occurred in California or Oregon through Defendant's participation in the state-legal cannabis industry. Orantes Decl. ¶¶ 1-3, 12, 14. If consumers engage in purchases due to confusion, those purchases are occurring in California and Oregon, not Illinois. *Id*.

Plaintiff's allegation that Defendant sells goods to unnamed "distributors and retailers" who then resell in Illinois (FAC ¶ 13), is not supported by any facts – nor can it be, because Defendant has no business relationship with anybody in Illinois. Orantes Decl. ¶¶ 8-12 That Plaintiff claims it suffered injury in the forum state is insufficient on its own to establish personal jurisdiction over Defendant. *Walden*, 571 U.S. at 291; *Advanced Tactical*, 751 F.3d at 800. That some unknown party allegedly brought infringing articles into Illinois does not support a finding of personal jurisdiction.

**Fair Play and Substantial Justice.** Even if the Court determines there are sufficient minimum contacts between Defendant and Illinois, exercising personal jurisdiction would not comport with traditional notions of fair play and substantial justice. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) ("The protection against inconvenient litigation is typically described in terms of 'reasonableness' or 'fairness.'").

First, the burden on Defendant to litigate in Illinois is high. Defendant is not physically present in the state, has never been to the state for business purposes, owns no property in the state, and has done nothing to structure its marketing so that it can easily serve Illinois residents. Orantes Decl. ¶¶ 1, 8-14. *Cf. Curry*, 949 F.3d at 402 (finding exercising personal jurisdiction over defendant was fair because defendant had "structured its marketing so that it can easily serve the state's customers."). Compared to the minimal sales in Illinois that are inconsequential to Plaintiff's candy business, forcing Defendant to litigate in Illinois would be a substantial burden based on travel costs, the continued necessity of local counsel, and the inconvenient location of the forum for Defendant.

Second, the interest of Illinois in this dispute is not particularly strong. While Plaintiff is a prominent Chicago business, Plaintiff engages in commerce throughout the nation, and the accusations against Defendant arise from Defendant's participation in the lawful California cannabis market. The state with a strong interest here is California, where almost the entirety of the alleged infringement and dilution occurred.

Third, Plaintiff's interest in obtaining convenient and effective relief is not hindered by this suit being litigated outside of Illinois. Mars Wrigley is headquartered in New Jersey, and the U.S. headquarters of its parent, Mars, Incorporated, is in Virginia. Mars Wrigley sold $330 million in Skittles in the U.S. in 2019. Crystal Lindell & Alyse Thompson, *The state of the global candy industry in 2019*, Candy Industry (Jun. 10, 2019), https://www.candyindustry.com/articles/88720-the-state-of-the-global-candy-industry-in-2019. Plaintiff has retained a national law firm, Snell & Wilmer LLP, which has offices in California, for this litigation. It would not be inconvenient for Plaintiff to pursue its action in a forum other than the Northern District of

Illinois.

Lastly, the interstate judicial system's interest in obtaining the most efficient resolution is best served by either dismissing this case for lack of personal jurisdiction or transferring the case to the Northern District of California. No jurisdictional defects would exist in this case and the core trademark dispute at issue will be efficiently litigated on its merits. Similarly, the shared interest of the several states – California especially, which regulates Defendant's activities – is best served by either dismissal or transfer.

For the reasons stated above, the Court should grant Defendant's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2).

## II.     PLAINTIFF CANNOT ESTABLISH THAT VENUE IS PROPER IN THE NORTHERN DISTRICT OF ILLINOIS

### A.     Applicable Legal Standard for a Rule 12(b)(3) Motion

In deciding a motion to dismiss for improper venue under Rule 12(b)(3), all of plaintiff's allegations are taken as true, unless contradicted by the defendant's affidavits. *Faulkenberg v. CB Tax Franchise Sys., LP,* 637 F.3d 801, 806 (7th Cir. 2011). When such a challenge is made, the burden falls on the plaintiff to establish that venue is proper. *Int'l Travelers Cheque Co. v. BankAmerica Corp.*, 660 F.2d 215, 222 (7th Cir. 1981); *Grantham v. Challenge–Cook Bros., Inc.,* 420 F.2d 1182, 1184 (7th Cir. 1969).

Under 28 U.S.C. § 1391(b), a civil action can be brought in (1) any judicial district in which any defendant resides, if all defendants are residents of the State in which the judicial district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if neither of the previous two sections apply, any district in which any defendant is subject to the court's personal jurisdiction. A corporation resides in any place where it is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(c)(2).

### B.     Venue is Improper in the Northern District of Illinois

Defendant does not reside in the Northern District of Illinois and a substantial portion of the activities giving rise to Plaintiff's claims did not occur in the District. For these reasons, the

Court should grant Defendant's Rule 12(b)(3) motion to dismiss.

First, as discussed above in Section I.B, venue is not proper under Section 1391(b)(1) because Defendant is not subject to personal jurisdiction in this District.

Second, the District is not the location of a "substantial portion of the activities giving rise to the claim." *Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*, 80 F. Supp. 3d 870, 877 (N.D. Ill. 2015); *Hindu Incense v. Meadows*, 439 F. Supp. 844, 847 (N.D. Ill. 1977) ($92 dollars in sales was insufficient to constitute a substantial portion of activities). Sales into Illinois were "miniscule," not substantial. *Scotch Whisky Ass'n v. Majestic Distilling Co.*, 681 F. Supp. 1297, 1302 (N.D. Ill. 1988).

Third, venue is not established by the location where a plaintiff was harmed by alleged infringement; rather it is the location of the infringer. *Ariel Inves., LLC*, 881 F.3d at 523. This is especially true when a significant amount of the sales linked to the infringement did not occur in the relevant forum. *See Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurants*, 760 F.2d 312, 316 (D.C. Cir. 1985) (trademark claim did not arise in District of Columbia, where defendant made 1½ percent of its sales, and 40 percent of its sales were made in California).

Even if the Court considers the Northern District of Illinois to be linked to a substantial portion of the events that gave rise to Plaintiff's claims in this suit, the inquiry does not end there. When two districts have "approximately equal plausibility" of being the location of a substantial portion of events giving rise to the claim is determined by looking at the "availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant (but *not* of the plaintiff)." *Leroy v. Great Western United Corp.*, 443 U.S. 173, 185 (1979) (emphasis in original). When comparing the Northern District of Illinois and the Northern District of California, Plaintiff cannot meet the approximate equal plausibility test. Defendant is headquartered in Mendocino, California, and the witnesses and evidence relating to the alleged infringing uses of Plaintiff's mark are located there – not Chicago.

For the reasons stated above, the Court should grant Defendant's motion to dismiss for lack of proper venue pursuant to Rule 12(b)(3).

III.    **IN THE ALTERNATIVE TO DISMISSAL, THE COURT SHOULD TRANSFER THIS CASE TO THE NORTHERN DISTRICT OF CALIFORNIA**

A.      **Applicable Legal Standard for Transfer under 28 U.S.C. § 1631**

Transfer is allowed for "want of jurisdiction" under 28 U.S.C. § 1631. The statute provides that if jurisdiction is lacking, the "court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." *Roman v. Ashcroft*, 340 F.3d 314, 328 (6th Cir. 2003).

The decision of whether to transfer a case is in the "sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Courts consider whether a transfer would serve the interests of justice by weighing the "equities of dismissing a claim when it could be transferred." *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996).

B.      **Transfer is Warranted Here in The Interests of Justice**

In the alternative to dismissal, Defendant asks the Court to simply transfer this action to the Northern District of California. The action could have originally been brought in that district, as personal jurisdiction and venue would both be proper, as described above in Section II.B and below in Section III.D. If the action is not dismissed, transfer would be in the interests of justice.

C.      **Applicable Standard for Transfer under 28 U.S.C. § 1406**

If venue is found to be improper, the court may either dismiss the suit or transfer it to a district in which the plaintiff could have filed it initially. 28 U.S.C. § 1406(a). Venue can be proper in more than one district. *Armstrong v. LaSalle Bank Nat'l Ass'n,* 552 F.3d 613, 617 (7th Cir. 2009). A court can rule on a motion to transfer venue under section 1406 even if it lacks personal jurisdiction over the defendant. *See Goldlawr*, 369 U.S. at 466.

D.      **Transfer is Applicable Here Because Venue is Improper and the Court Lacks Personal Jurisdiction Over Defendant**

Section 1406(a) provides that when venue is improper the court "shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." Thus, either dismissal or transfer is mandatory if the Court agrees venue is improper.

Courts can only transfer a case under section 1406 to a location where the case "could

-11-

have been brought." The meaning of "it could have been brought" under section 1406(a) requires that the transferee court have (1) subject matter jurisdiction, (2) proper venue, and (3) the defendant must be subject to personal jurisdiction and service of process in the district. *Shapiro v. Bonaza Hotel Co.*, 185 F.2d 777, 780 (9th Cir. 1950).

The Northern District of California meets all three requirements for transfer. Plaintiff has a Lanham Act claim which triggers federal question jurisdiction. FAC ¶¶ 45-51. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial amount of the alleged infringement occurred in the Northern District of California, where Defendant is headquartered and engages in the state-legal cannabis industry. Orantes Decl. ¶¶ 1, 3, 14. Further, Defendant is subject to personal jurisdiction in the Northern District of California because it has its principal place of business there and is a California limited liability company. *Helicopteros*, 466 U.S. at 416. Defendant is also subject to service of process in the district. Furthermore, transfer is in the interests of justice here, for the same reasons stated in Section III.B and III.F. As a result, the Court should transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1406(a).

### E. Applicable Standard for Transfer under 28 U.S.C. § 1404

Under 28 U.S.C. § 1404(a), the moving party has the burden to prove that (1) venue is proper in both the transferor and transferee courts; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. *Coffey v. Van Dorn Iron Words*, 796 F.2d 217, 219 (7th Cir. 1986). District courts have discretion "to adjudicate motions for transfer according to a case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010).

In evaluating the "convenience" element, the court considers the (1) plaintiff's choice of forum; (2) situs of material events; (3) ease of access to sources of proof; and (4) convenience to the parties of litigating in the respective forums. *H.B. Sherman Mfg. Co. v. Rain Bird Nat. Sales Corp.*, 979 F. Supp. 627, 629 (N.D. Ill. 1997); *Republic Techs. (NA), LLC v. BBK Tobacco &*

*Foods, LLC*, 240 F. Supp. 3d 848, 853 (N.D. Ill. 2016).

The "interest of justice" element is distinct from the convenience elements and relates to the efficient administration of the court system. *Rsch. Automation*, 626 F.3d at 978. For this element, courts look to (1) docket congestion and likely speed to trial in both forums, (2) the respective desirability of resolving controversies in each forum, and (3) the relationship of each community to the controversy. *Id.*; *Coffey*, 796 F.2d at 220–21.

### F. The Case Should Be Transferred for the Convenience of the Parties and in the Interests of Justice

The Court should transfer the case to the Northern District of California because the situs of material events is based there, access to proof and witnesses is more efficient, and the burden on Defendant litigating in Illinois outweighs the burden on Plaintiff litigating in California.

First, while plaintiff's choice of forum is generally given substantial weight if it is plaintiff's home forum, the circumstances of this case compel the Court to give no such deference to Plaintiff. *See Int'l Truck & Engine Corp. v. Dow-Hammond Trucks Co.*, 221 F. Supp. 2d 898, 904 (N.D. Ill. 2002). If "the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference *has minimal value*." *Dunn v. Soo Line R. Co.*, 864 F. Supp. 64, 65 (N.D. Ill. 1994) (emphasis added); *Von Holdt v. Husky Injection Molding Systems, Limited*, 887 F. Supp 185, 188 (N.D. Ill. 1995).

Here, the conduct and events giving rise to Plaintiff's claims occurred in California. Defendant's sales of merchandise in Illinois only have a very weak connection, if any, with Plaintiff's claims of infringement and dilution. The Court should find this factor is neutral at best, due to the "minimal value" given to Plaintiff's preferred forum. *Dunn*, 864 F. Supp at 65.

Second, the situs of material events weighs strongly in favor of Defendant. In a trademark infringement case, the focus of this factor is on the "activities of the alleged infringer, its employees, and its documents; therefore, the location of the infringer's place of business is often the critical and controlling consideration." *Habitat Wallpaper & Blinds Inc. v. K.T. Scott, Ltd.*, 807 F. Supp 470, 474 (N.D. Ill. 1992); *H.B. Sherman Mfg. Co.*, 979 F. Supp. at 630.

-13-

There is little doubt that the situs of material events is the Northern District of California. It is Defendant's principal place of business, and all decisions regarding the use of the allegedly infringing mark were made there. Orantes Decl. ¶¶ 1-3, 14. Any argument that the potential for confusion and tarnishment in Illinois pushes this factor in Plaintiff's favor is misplaced; courts in this District have rejected that argument. *H.B. Sherman Mfg. Co.*, 979 F. Supp. at 630.

Third, regarding the ease of access to proof, this factor looks both to the location of relevant witnesses and evidence. *Id*. The most important consideration is whether the Northern District of California "would better serve the convenience of witnesses." *Id*. The Court should look to the "nature and quality of the witnesses' testimony with respect to the issues in the case." *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1168 (N.D. Ill. 1995).

Technology has made accessibility of documentary evidence less important in recent years. *Republic Techs. (NA), LLC*, 240 F. Supp. 3d at 853. However, to the extent the Court considers this at all, this factor weighs in favor of Defendant. *Id*. (citing *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 548-49 (S.D.N.Y. 2008) ("[I]n infringement cases, it makes sense that the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weigh in favor of transfer to that location.")).

Again, the vast majority of witnesses are in California. If any former employees or corporate officers need to be deposed, they will presumably be in California and outside this Court's subpoena power. *See H.B. Sherman Mfg. Co.*, 979 F. Supp. at 631. The witnesses Plaintiff will likely want to depose are in California and it is far more convenient for the litigation to proceed there. For this reason alone, this factor weighs in favor of transfer.

Lastly, the convenience of the parties also weighs in favor of transfer. This factor considers where the parties reside and their respective abilities to bear the expense of trial in a particular forum. *Heller Financial, Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp 1125, 1130 (N.D. Ill. 1989). Plaintiff and its counsel will not be materially burdened by having to litigate this case in the Northern District of California. But Defendant is a very small LLC operating only within the California market and with a licensee in Oregon. Therefore, this factor weighs in favor

of transfer. As a result, the Court should find the convenience factors weigh in Defendant's favor and transfer the case to the Northern District of California.

The interest of justice factors also weigh in favor of transfer to the Northern District of California because it is a more desirable forum for resolving this controversy and the relationship between the community and the controversy is far greater in California.

First, regarding docket congestion and the speed to trial in both forums, this factor is neutral. The median number of months from filing to disposition of civil cases and the median number of months from issue to trial are the most relevant considerations to this factor. *H.B. Sherman Mfg. Co.*, 979 F. Supp. at 632. According to the Federal Court Management Statistics for the last year through March 31, 2021, the median number of months from filing to disposition of cases in the Northern District of California (10.8 months) and Northern District of Illinois (12 months) are not significantly different. *See* Administrative Office of the United States Courts, 2021 Federal Court Management Statistics, p. 7, 9, https://www.uscourts.gov/sites/default/files/ data_tables/fcms_na_appsumary0331.2021.pdf (last accessed July 22, 2021).

Second, the respective desirability of resolving the controversy in each forum weighs strongly in favor of transfer to the Northern District of California. The core of this dispute is over the use of an allegedly infringing mark in the California cannabis industry, which weighs in favor of resolving the controversy in that state.

Lastly, as discussed in Sections III.F, III.D, and II.B, the Northern District of California has a far greater relationship to this controversy than the Northern District of Illinois. Accordingly, the Court should transfer this case to the Northern District of California.

## CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court dismiss Plaintiff's First Amended Complaint for lack of personal jurisdiction under Rule 12(b)(2) and for improper venue under Rule 12(b)(3). In the alternative, for the reasons stated above, Defendant respectfully requests that the Court transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1631, 28 U.S.C. § 1406(a), or 28 U.S.C. § 1404(a).

Dated this 23rd day of July, 2021.

By: /Jacquelyn R. McPeak/

Ashly I. Boesche
Jacquelyn R. McPeak (Prom)
PATTISHALL, MCAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP
200 South Wacker Drive, Suite 2900
Chicago, Illinois 60606
(312) 554-8000
aib@pattishall.com
jrp@pattishall.com

Timothy Alger (admitted *pro hac vice*)
EMERGE LAW GROUP
100 Spectrum Center Drive, Suite 900
Irvine, California 92618
(949) 936-2610
tim@emergelawgroup.com

*Attorneys for Defendant Terphogz, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 23, 2021, a true and accurate copy of this **DEFENDANT TERPHOGZ, LLC'S FRCP 12(b) MOTIONS AND MOTIONS IN THE ALTERNATIVE TO TRANSFER VENUE** was electronically filed in the United Stated District Court for the Northern District of Illinois, using the electronic filing system which automatically generated notice to counsel of record.

/Jacquelyn R. McPeak/