## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| WM. WRIGLEY JR. COMPANY, a Delaware corporation, | Case No. 1:21-CV-02357 |
| Plaintiff, | Judge: Hon. Sara L. Ellis |
| vs. | Magistrate: Hon. Young B. Kim |
| TERPHOGZ, LLC, a California limited liability company, and JOHN DOES 1-5, | |
| Defendants. | |
| TERPHOGZ, LLC, a California limited liability company, | |
| Counter-Plaintiff, | |
| vs. | |
| WM. WRIGLEY JR. COMPANY, a Delaware corporation, | |
| Counter-Defendant. | |

## DEFENDANT TERPHOGZ, LLC'S ANSWER TO
## PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

Defendant Terphogz, LLC ("Terphogz" or "Defendant") answers Plaintiff Wm. Wrigley

Jr. Company's ("Wrigley" or "Plaintiff") First Amended Complaint ("FAC") for itself and no

others as follows:

### PRELIMINARY STATEMENT

1.     Founded in 1891 in Chicago, Illinois, Wrigley is a leading candy manufacturer and
owns the iconic SKITTLES brand for the fruit-flavored candy. Wrigley has invested
nearly 50 years and hundreds of millions of dollars carefully cultivating the goodwill
symbolized by the SKITTLES mark. More than a generation ago, Wrigley launched
an advertising campaign for SKITTLES featuring the slogan TASTE THE
RAINBOW. That campaign has become one of the longest-running, most successful

campaigns in the history of advertising. Today, SKITTLES candy, each piece bearing the familiar S logo, is the best-selling, non-chocolate candy in the country, and the tagline TASTE THE RAINBOW is synonymous with SKITTLES. Packaging and advertising featuring Wrigley's SKITTLES mark, TASTE THE RAINBOW slogan, and S logo are shown below (collectively, this mark, slogan, and logo are referred to as the "SKITTLES Marks"): [IMAGES OMITTED].

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in Paragraph 1 of Plaintiff's FAC, and on that basis denies them.

2.      Terphogz is in the business of selling cannabis, drug paraphernalia, and promotional merchandise. Rather than create its own brand architecture, Terphogz simply helped itself to Wrigley's famous SKITTLES Marks, picking "ZKITTLEZ" as the name of its drugs, knocking off Wrigley's federally registered TASTE THE RAINBOW slogan, and even copying Wrigley's S logo. *See* **Exhibit A**. Some of Terphogz's goods and advertising is depicted below: [IMAGES OMITTED].

Answer: Defendant admits that it licenses its intellectual property rights to companies engaged in the legal cannabis industry in California and Oregon. Defendant denies the remaining allegations in Paragraph 2 of Plaintiff's FAC.

3.      Terphogz's freewheeling use of Wrigley's SKITTLES Marks has been enormously successful. Because ZKITTLEZ goods command a 20% premium in the market, Terphogz has reaped enormous profits. But those ill-gotten gains have come both at the expense of the public which believes that Wrigley approves the ZKITTLEZ goods being peddled by Terphogz and at the expense of Wrigley which has lost control over the reputation of its SKITTLES Marks.

Answer: Defendant denies the allegations contained in Paragraph 3 of Plaintiff's FAC.

4.      Unscrupulous companies like Terphogz who push drugs and drug paraphernalia using trademarks belonging to confectionery companies pose a danger to children. Illinois recently was forced to enact legislation prohibiting cannabis companies from disseminating advertising or packaging for cannabis or cannabis-related products that imitates candy labeling or packaging. *See* 410 Ill. Comp. Stat. 705/55-20 – 55-21.

Answer: Defendant denies the allegations contained in Paragraph 4 of Plaintiff's FAC.

5.      Wrigley commenced this action to protect the public from Terphogz's deceptive and dangerous business practices and to safeguard the goodwill and reputation of Wrigley's renowned SKITTLES Marks.

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in Paragraph 5 of Plaintiff's FAC, and on that basis denies them.

**NATURE OF THE ACTION**

6.     This is an action for trademark infringement, false designation of origin, unfair competition, trademark dilution, cybersquatting, and related claims under the federal Lanham Act, 15 U.S.C. §§ 1114 and 1125, Illinois Uniform Deceptive Trade Practices Act, 815 Ill Comp. Stat.510/1 *et seq.*, Illinois common law, and the Illinois Anti-Dilution Act, 765 Ill. Comp. Stat. 1036/65.

Answer: Defendant admits that Wrigley filed a lawsuit for the causes of action identified in

Paragraph 6 of the FAC.  Defendant denies that it is liable to Plaintiff on any of the cited causes of

action or that Plaintiff suffered any damages.

**PARTIES**

7.     Wrigley is a Delaware corporation with its principal place of business at 1132 West Blackhawk Street, Chicago, Illinois 60642.

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in

Paragraph 7 of Plaintiff's FAC, and on that basis denies them.

8.     Terphogz is a California limited liability company with its principal place of business at 45011 Ukiah Street, Mendocino, California 95460.

Answer: Defendant admits the allegations contained in Paragraph 8 of Plaintiff's FAC.

9.     The Doe Defendants are businesses located in Illinois who, on information and belief, purchase Terphogz's ZKITTLEZ goods and advertise and resell them to end users in Illinois. The identities of the Doe Defendants are presently unknown. Wrigley will amend its Complaint to allege the true names and capacities of Doe Defendants once that information has been ascertained.

Answer: Defendant denies that any person or entity is authorized by Defendant to engage in any

advertising or commerce in Illinois. Defendant lacks sufficient knowledge to form a belief regarding

the other allegations contained in Paragraph 9 of Plaintiff's FAC, and on that basis denies them.

**JURISDICTION AND VENUE**

10.     The Court has subject matter jurisdiction over Wrigley's claims for trademark infringement, false designation of origin, unfair competition, trademark dilution, cybersquatting, and related claims because they arise under federal law. 15 U.S.C. § 1121; 28 U.S.C. §§ 1331, 1338. The Court has supplemental jurisdiction over Wrigley's state claims because they are so related to the federal claims that they are part of the same case or controversy and derive from a common nucleus of operative facts. 28 U.S.C. § 1367(a).

Answer: Defendant admits that the Court has subject matter and supplemental jurisdiction over

Plaintiff's claims for relief alleged in Plaintiff's FAC.

11.     The Court has personal jurisdiction over Terphogz pursuant to the Illinois long-arm statute, 735 Ill. Comp. Stat. 5/2-209 *et seq.*, and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Terphogz transacts business in Illinois and has sufficient minimum contacts with Illinois. Terphogz purposefully avails itself of the benefits of conducting business in Illinois and can reasonably anticipate being sued here.

Answer: Defendant denies the allegations in Paragraph 11 of Plaintiff's FAC.

12.     Terphogz operates an interactive website at **zkittlez.com** where it advertises, distributes, and sells cannabis, cannabis- and cannabidiol ("CBD")-related goods, drug paraphernalia, clothing, and merchandise to Illinois residents under the marks ZKITTLEZ,TAZTETHEZTRAINBRO, ZKITTLEZ HEMP, ZKITTLEZ HEMP & Cloud Design, and a Z logo (collectively, these marks and logos are referred to as the "ZKITTLEZ Marks"). See pages from Terphogz's website attached as **Exhibit B**. Terphogz's **zkittlez.com** website enables a purchaser to calculate shipping charges using his or her zip code, including Illinois zip codes. Purchasers in Illinois buy ZKITTLEZ goods from Terphogz at **zkittlez.com**, and Terphogz ships those goods to them in Illinois. Terphogz also operates a Facebook account under the name "Zkittlez-Hemp- 108831180811606" and Instagram accounts under the names "_zkittlez_" and "_zkittlez hemp_" and "terphogz," which advertise ZKITTLEZ goods to Illinois residents.

Answer: Defendant admits that Green R Fieldz Corp. operated a website at www.zkittlez.com that sold merchandise from 2015 to May 2021, that the website was available nationwide, and that the website is not currently operational. Defendant admits that it has used Facebook and Instagram. Defendant denies the remaining allegations contained in Paragraph 12 of Plaintiff's FAC.

13.     Terphogz advertises and sells goods which bear and/or are distributed in packages bearing the ZKITTLEZ Marks to distributors and retailers who Terphogz knows in turn advertise and resell those goods to end users in Illinois.

Answer: Defendant denies the allegations in Paragraph 13 of Plaintiff's FAC.

14.     Terphogz's use of the ZKITTLEZ Marks is likely to cause confusion among consumers, end users, and others nationwide and in Illinois. Terphogz knows that Wrigley is headquartered in Illinois and that the harm caused by Terphogz's and its distributors' and retailers'use of the ZKITTLEZ Marks—both inside and outside Illinois—is felt by Wrigley in Illinois.

Answer: Defendant denies the allegations in Paragraph 14 of Plaintiff's FAC.

15.     This Court has personal jurisdiction over the Doe Defendants because, on

information and belief, they are located and doing business in Illinois. On information and belief, the Doe Defendants purchase cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise from Terphogz which products and/or product packaging bear the ZKITTLEZ Marks and advertise and resell those goods to end users in Illinois with Terphogz's actual knowledge.

Answer: To the extent the allegations are directed at Defendant, Defendant denies the allegations in Paragraph 15 of Plaintiff's FAC. To the extent the allegations are directed at the Doe Defendants, Defendant lacks sufficient knowledge to form a belief regarding the allegations in Paragraph 15 of Plaintiff's FAC, and on that basis denies them.

16.     Venue is proper in this judicial district because this Court has personal jurisdiction over Terphogz and the Doe Defendants. 28 U.S.C. § 1391(b)(1). Terphogz and the Doe Defendants reside in this judicial district for purposes of 28 U.S.C. § 1391(c)(2), (d) because they are subject to personal jurisdiction in this district. Venue is also proper in this district because Wrigley resides and transacts business in this district and a substantial part of the events or omissions that give rise to Wrigley's claims occurred in this district. 28 U.S.C. § 1391(b)(2). Terphogz and, on information and belief, the Doe Defendants, transact business in this district, are committing tortious acts in this district, and are subject to the personal jurisdiction of this Court.

Answer: Defendant admits that Wrigley transacts business in the district. To the extent the allegations are directed at Terphogz, Defendant denies the remaining allegations in Paragraph 16 of Plaintiff's FAC. To the extent the allegations are directed at the Doe Defendants, Defendant lacks sufficient knowledge to form a belief regarding the allegations in Paragraph 16 of Plaintiff's FAC, and on that basis denies them.

17.     Assignment of this action to the Eastern Division is proper because a substantial part of the events giving rise to the claims alleged herein occurred in this Division.

Answer: Defendant denies the allegations in Paragraph 17 of Plaintiff's FAC.

## FACTS GIVING RISE TO WRIGLEY'S CLAIMS

### I.     Wrigley and Its SKITTLES Marks

18.     Wrigley, a leading candy manufacturer based in Chicago, Illinois, owns the famous SKITTLES brand for candy.

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in Paragraph 18 of Plaintiff's FAC, and on that basis denies them.

19.     For generations, Wrigley and its predecessors have used the SKITTLES mark to

sell candy throughout the United States. Each piece of SKITTLES candy features an S logo.

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in Paragraph 19 of Plaintiff's FAC, and on that basis denies them.

20.     Wrigley long ago launched an advertising campaign for SKITTLES candy which revolved around the slogan TASTE THE RAINBOW. That campaign continues to this day and isnow among the longest running, most successful campaigns of all time. Wrigley uses "#tastetherainbow," "#onerainbow," and other rainbow-formative hashtags, tags, and symbols to advertise SKITTLES candy on social media, including Twitter, Facebook, and Instagram.

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in Paragraph 20 of Plaintiff's FAC, and on that basis denies them.

21.     Wrigley advertises SKITTLES candy during the Super Bowl and other highly watched events. Hundreds of millions of people have seen advertisements for SKITTLES candy.

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in Paragraph 21 of Plaintiff's FAC, and on that basis denies them.

22.     For a quarter of a century, Wrigley has operated a website at **skittles.com,** where it promotes SKITTLES candy and merchandise to millions that visit the site. Wrigley's Facebook page for SKITTLES has many millions of followers. Wrigley also advertises SKITTLES candy on Twitter, YouTube, and Instagram.

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in Paragraph 22 of Plaintiff's FAC, and on that basis denies them.

23.     Tens of thousands of retail stores nationwide sell SKITTLES candy, and Wrigley has distributed clothing and other merchandise, including lip balm, under the SKITTLES marks.

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in Paragraph 23 of Plaintiff's FAC, and on that basis denies them.

24.     Wrigley has earned billions of dollars from sales of SKITTLES candy in the United States. It has been the best-selling, non-chocolate candy in the United States for years and every day more than 200 million pieces of SKITTLES candy are manufactured.

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in Paragraph 24 of Plaintiff's FAC, and on that basis denies them.

25.     Wrigley's SKITTLES mark is famous and was so long before the unlawful conduct that forms the basis for this action.

Answer: Defendant denies the allegations in Paragraph 25 of Plaintiff's FAC.

26.     Wrigley owns common law trademarks for SKITTLES, TASTE THE RAINBOW, and the S logo for candy, clothing, and promotional merchandise. Wrigley also owns the following federal trademark registrations for the SKITTLEZ Marks: [TABLE OMITTED]. Copies of the U.S. Certificates of Registration and U.S. Patent and Trademark Office Trademark Status and Document Retrieval printouts for these registrations are attached hereto as **Exhibit C**.

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in Paragraph 26 of Plaintiff's FAC, and on that basis denies them.

27.     Wrigley's trademark registrations for SKITTLES and the S logo are conclusive evidence of the validity of those marks, Wrigley's ownership of the marks, and Wrigley's exclusive right to use the marks in commerce in connection with the goods listed in the registrations. 15 U.S.C. § 1115(b). Wrigley's trademark registration for TASTE THE RAINBOW is prima facie evidence of the validity of that mark, Wrigley's ownership of the mark, and Wrigley's exclusive right to use the mark in commerce in connection with the goods listed in the registration. 15 U.S.C. § 1057(b).

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in Paragraph 27 of Plaintiff's FAC, and on that basis denies them.

28.     Wrigley's federally registered and common law marks for SKITTLES, TASTE THE RAINBOW, and the S logo are inherently distinctive because they do not describe an attribute, quality, or characteristic of the candy or merchandise in connection with which they are used.

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in Paragraph 28 of Plaintiff's FAC, and on that basis denies them.

29.     Wrigley's SKITTLES Marks are widely recognized by the general consuming public in the United States as identifying the source of Wrigley's goods and were so long before Terphogz and the Doe Defendants began their unlawful conduct.

Answer: Defendant denies that it has engaged in unlawful conduct. Defendant lacks sufficient knowledge to form a belief regarding the remaining allegations and on that basis denies them.

## II.     Terphogz and Its Infringement and Dilution of Wrigley's SKITTLES Marks

30.     Long after Wrigley started to offer candy and merchandise under the SKITTLES Marks, Terphogz began manufacturing, distributing, advertising, and selling

cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise under the ZKITTLEZ Marks. Terphogz advertises, promotes, sells, and distributes goods under the ZKITTLEZ Marks to end users, including end users in Illinois, as well as to distributors and retailers who Terphogz knows in turn advertise, resell, and distribute those goods to end users in Illinois, thereby encouraging these third parties to infringe upon and dilute the strength of the SKITTLES Marks.

Answer: Defendant admits that it licenses its intellectual property rights to companies engaged in the legal cannabis industry in California and Oregon. Defendant denies the remaining allegations in Paragraph 30 of Plaintiff's FAC.

31.     Terphogz applied for nationwide protection in the U.S. Patent and Trademark Office ("USPTO") for the mark ZKITTLEZ HEMP & Cloud Design in three separate applications: (1) Ser. No. 88/703,408 for smokable hemp flower and trays for rolling hemp cigarettes; (2) Ser. No. 88/703,373 for CBD topical herbal extracts with a delta-9 tetrahydrocannabinol (THC) concentration; and (3) Ser. No. 88/703,451 for clothing. Terphogz's ZKITTLEZ HEMP & Cloud Design is depicted below: [IMAGE OMITTED].

Answer: Defendant admits that it filed three U.S. Patent and Trademark Office applications for the mark ZKITTLEZ HEMP & Cloud Design, specifically, Ser. No. 88/703,408; Ser. No. 88/703,373; and Ser. No. 88/703,451. Defendant denies the remaining allegations in Paragraph 31 of Plaintiff's FAC.

32.     Terphogz admitted to the USPTO that Wrigley's SKITTLES mark "is well known for the colorful candy that [Wrigley] produces" and "is most likely considered famous under Trademark law for candy."

Answer: Defendant admits the allegations in Paragraph 32 of Plaintiff's FAC.

33.     Terphogz's ZKITTLEZ Marks are substantially identical in sight, sound, meaning, and commercial impression to Wrigley's SKITTLES Marks. Terphogz uses the same distinctive red color featured on packages of SKITTLES candy and the same colors of SKITTLES candy in connection with advertising, selling, and distributing its ZKITTLEZ goods. Terphogz also licenses its ZKITTLEZ Marks to businesses who in turn manufacture, advertise, and sell cannabis and cannabis-related goods to the public using the ZKITTLEZ Marks.

Answer: Defendant admits that it licenses its intellectual property rights to companies engaged in the legal cannabis industry in California and Oregon. Defendant denies the remaining allegations in Paragraph 33 of Plaintiff's FAC.

34.     Terphogz advertises and sells cannabis, cannabis- and CBD-related goods, drug

8

paraphernalia, clothing, and merchandise under the ZKITTLEZ Marks directly to end users on its Facebook page, Instagram accounts, and website **zkittlez.com**.

Answer: Defendant admits that Green R Fieldz Corp. operated a website at www.zkittlez.com that sold merchandise from 2015 to May 2021. Defendant denies the remaining allegations in Paragraph 34 of Plaintiff's FAC.

35. Terphogz's **zkittlez.com** domain name is confusingly similar to Wrigley's famous SKITTLES mark for candy.

Answer: Defendant denies the allegations in Paragraph 35 of Plaintiff's FAC.

36. Terphogz registered and is using **zkittlez.com** with a bad faith intent to profit from Wrigley's famous SKITTLES mark for candy.

Answer: Defendant denies the allegations in Paragraph 36 of Plaintiff's FAC.

37. Terphogz's use of the ZKITTLEZ Marks is likely to cause confusion as to the source and sponsorship of Terphogz's goods and to impair the distinctiveness of Wrigley's SKITTLES Marks and through its intentional acts, Terphogz induces third parties, such as Doe Defendants, to infringe upon, cause a likelihood of confusion, dilute and impair the distinctivenessof Wrigley's SKITTLES Marks.

Answer: Defendant denies the allegations in Paragraph 37 of Plaintiff's FAC.

38. Terphogz's use of the ZKITTLEZ Marks has caused Wrigley to lose control over the reputation associated with Wrigley's SKITTLES Marks, and has damaged the reputation associated with the SKITTLES Marks.

Answer: Defendant denies the allegations in Paragraph 38 of Plaintiff's FAC.

39. Terphogz is using the ZKITTLEZ Marks to trade on the goodwill of Wrigley's SKITTLES Marks and to deceive consumers, end users, and others as to the source of Terphogz's goods. Terphogz has been unjustly enriched on account of its unlawful conduct.

Answer: Defendant denies the allegations in Paragraph 39 of Plaintiff's FAC.

40. Terphogz's conduct as alleged herein has been intentional and willful.

Answer: Defendant denies the allegations in Paragraph 40 of Plaintiff's FAC.

## III. The Doe Defendants' Advertising and Resale of Terphogz's ZKITTLEZ Goods

41. On information and belief, the Doe Defendants are retailers located in Illinois who purchase goods from Terphogz which goods and/or their packaging bears the ZKITTLEZ Marks and then advertise and resell those goods to end users, including end users in Illinois, with Terphogz's knowledge.

Answer: Defendant denies that any person or entity is authorized by Defendant to engage in any advertising or commerce in Illinois. Defendant lacks sufficient knowledge to form a belief regarding the remaining allegations contained in Paragraph 41 of Plaintiff's FAC, and on that basis denies them.

42. The Doe Defendants' use of the ZKITTLEZ Marks is likely to cause confusion as to the source of the goods and to impair the distinctiveness of Wrigley's SKITTLES Marks. The Doe Defendants' use of the ZKITTLEZ Marks has caused Wrigley to lose control over the reputation associated with Wrigley's SKITTLES Marks and has damaged the reputation associatedwith the SKITTLES Marks. The Doe Defendants have been unjustly enriched on account of theirunlawful conduct.

Answer: Defendant denies that any person or entity is authorized by Defendant to engage in any advertising or commerce in Illinois. Defendant lacks sufficient knowledge to form a belief regarding the remaining allegations contained in Paragraph 42 of Plaintiff's FAC, and on that basis denies them.

43. Terphogz's and the Doe Defendants' use of the ZKITTLEZ Marks is damaging the goodwill symbolized by Wrigley's SKITTLES Marks and irreparably harming Wrigley and Wrigley has no adequate remedy at law.

Answer: Defendant denies the allegations in Paragraph 43 of Plaintiff's FAC.

44. Doe Defendants' conduct as alleged herein has been intentional and willful.

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in Paragraph 44 of Plaintiff's FAC, and on that basis denies them.

**COUNT 1**
**Trademark Infringement, False Designation of Origin, and Unfair Competition**
**Under Federal Law**
**(15 U.S.C. § 1114(1))**
**[Against All Defendants]**

45. Wrigley re-alleges the allegations in Paragraphs 1 through 44, above.

Answer: Defendant realleges and incorporates herein its Answers to all the preceding Paragraphs.

46. Wrigley owns federal registrations for the SKITTLES Marks for candy and other goods.

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in

Paragraph 46 of Plaintiff's FAC, and on that basis denies them.

47. Terphogz's and the Doe Defendants' use of the ZKITTLEZ Marks in connection with the manufacturing, advertising, promotion, marketing, distribution, and sale of cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise is likely to cause confusion that Wrigley licenses, sponsors, or approves those goods or is affiliated, connected, or otherwise associated with those goods.

Answer: Defendant denies the allegations in Paragraph 47 of Plaintiff's FAC.

48. Terphogz advertises, sells, and distributes cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise which goods and/or packaging bear the ZKITTLEZ Marks to distributors and retailers who Terphogz knows in turn advertise, resell, and distribute those goods to end users, including end users in Illinois.

Answer: Defendant denies the allegations contained in Paragraph 48 of Plaintiff's FAC.

49. Terphogz's and the Doe Defendants' use of the ZKITTLEZ Marks constitutes direct trademark infringement, false designation of origin, and unfair competition in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

Answer: Defendant denies the allegations contained in Paragraph 49 of Plaintiff's FAC.

50. Terphogz's use of the ZKITTLEZ Marks also constitutes **contributory** trademark infringement, **contributory** false designation of origin, and **contributory** unfair competition in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

Answer: Defendant denies the allegations in Paragraph 50 of Plaintiff's FAC.

51. Terphogz's and the Doe Defendants' willful and wrongful conduct has caused and is continuing to cause irreparable harm to Wrigley for which Wrigley has no adequate remedy at law. Terphogz and the Doe Defendants have been unjustly enriched and Wrigley's SKITTLES Marks have been damaged on account of the unlawful conduct of Terphogz and the Doe Defendants.

Answer: Defendant denies the allegations in Paragraph 51 of Plaintiff's FAC.

**COUNT 2**
**Trademark Infringement, False Designation of Origin, and Unfair Competition**
**Under Federal Law**
**(15 U.S.C. § 1125(a))**
**[Against All Defendants]**

52. Wrigley re-alleges Paragraphs 1 through 51, above.

Answer: Defendant realleges and incorporates herein its Answers to all the preceding Paragraphs.

11

53. Wrigley owns federally registered and common law SKITTLES Marks for candy and other goods.

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in Paragraph 53 of Plaintiff's FAC, and on that basis denies them.

54. Terphogz's and the Doe Defendants' use of the ZKITTLEZ Marks in connection with the advertising, promotion, marketing, distribution, and sale of cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise is likely to cause confusion that Wrigley licenses, sponsors, or approves those goods or is affiliated, connected, or otherwise associated with those goods.

Answer: Defendant denies the allegations in Paragraph 54 of Plaintiff's FAC.

55. Terphogz advertises, sells, and distributes cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise under the ZKITTLEZ Marks to distributors and retailers who Terphogz knows in turn advertise, resell, and distribute the goods to end users, including end users in Illinois.

Answer: Defendant denies the allegations in Paragraph 55 of Plaintiff's FAC.

56. Terphogz's and the Doe Defendants' use of the ZKITTLEZ Marks constitutes direct trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

Answer: Defendant denies the allegations in Paragraph 56 of Plaintiff's FAC.

57. Terphogz's use of the ZKITTLEZ Marks also constitutes **contributory** trademark infringement, **contributory** false designation of origin, and **contributory** unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

Answer: Defendant denies the allegations in Paragraph 57 of Plaintiff's FAC.

58. Terphogz's and the Doe Defendants' willful and wrongful conduct has caused and is continuing to cause irreparable harm to Wrigley for which Wrigley has no adequate remedy at law. Terphogz and the Doe Defendants have been unjustly enriched and Wrigley's SKITTLES Marks have been damaged on account of the unlawful conduct of Terphogz and the Doe Defendants.

Answer: Defendant denies the allegations in Paragraph 58 of Plaintiff's FAC.

**COUNT 3**
**Trademark Dilution Under Federal Law**
**(15 U.S.C. § 1125(c))**
**[Against All Defendants]**

59. Wrigley re-alleges the allegations in Paragraphs 1 through 58, above.

Answer: Defendant realleges and incorporates herein its Answers to all the preceding Paragraphs.

60.     Wrigley owns a federal registration for SKITTLES for candy, Reg. No. 1,221,105.

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in

Paragraph 60 of Plaintiff's FAC, and on that basis denies them.

61.     Wrigley's SKITTLES mark is distinctive, famous, and widely recognized by the
        general consuming public in the United States as a designation of the source of candy
        manufactured by Wrigley and was so long before Terphogz and the Doe Defendants
        began to usethe mark ZKITTLEZ.

Answer: Defendant denies the allegations in Paragraph 61 of Plaintiff's FAC.

62.     Terphogz's and the Doe Defendants' ZKITTLEZ mark closely resembles Wrigley's
        SKITTLES mark for candy.

Answer: Defendant denies the allegations in Paragraph 62 of Plaintiff's FAC.

63.     Terphogz's and the Doe Defendants' use of the mark ZKITTLEZ in connection with
        cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and
        merchandise is likely to cause dilution by blurring by impairing the distinctive quality
        of Wrigley's SKITTLESmark in violation of Section 43(c) of the Lanham Act, 15
        U.S.C. § 1125(c).

Answer: Defendant denies the allegations in Paragraph 63 of Plaintiff's FAC.

64.     Terphogz's and the Doe Defendants' use of the mark ZKITTLEZ in connection with
        cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and
        merchandise is likely to cause dilution by tarnishment by harming the reputation of
        Wrigley's SKITTLES markin violation of Section 43(c) of the Lanham Act, 15
        U.S.C. § 1125(c).

Answer: Defendant denies the allegations in Paragraph 64 of Plaintiff's FAC.

65.     Terphogz's use of the ZKITTLEZ mark in connection with cannabis, cannabis- and
        CBD-related goods, drug paraphernalia, clothing, and merchandise also constitutes
        **contributory** dilution by blurring and **contributory** dilution by tarnishment
        because Terphogz advertises, distributes, and sells those goods to distributors and
        retailers who Terphogz knows in turn advertise, resell, and distribute the goods to
        end users, including end users in Illinois.

Answer: Defendant denies the allegations in Paragraph 65 of Plaintiff's FAC.

66.     Terphogz's and the Doe Defendants' willful and wrongful conduct has caused andis
        continuing to cause irreparable harm to Wrigley for which Wrigley has no adequate
        remedy at law. Terphogz and the Doe Defendants have been unjustly enriched and

Wrigley's SKITTLES Marks have been damaged on account of the unlawful conduct of Terphogz and the DoeDefendants.

Answer: Defendant denies the allegations in Paragraph 66 of Plaintiff's FAC.

## COUNT 4
### Violation of the Federal Anti-Cybersquatting Consumer Protection Act
### (15 U.S.C. § 1125(d))
### [Against All Defendants]

67.     Wrigley re-alleges the allegations in Paragraphs 1 through 66, above.

Answer: Defendant realleges and incorporates herein its Answers to all the preceding Paragraphs.

68.     Wrigley owns the mark SKITTLES for candy and other goods.

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in Paragraph 68 of Plaintiff's FAC, and on that basis denies them.

69.     Wrigley's SKITTLES mark is distinctive and famous and was so before Terphogz registered, trafficked in, and used the domain **zkittlez.com**.

Answer: Defendant denies the allegations in Paragraph 69 of Plaintiff's FAC.

70.     Terphogz's domain **zkittlez.com** is identical and confusingly similar to Wrigley's SKITTLES mark.

Answer: Defendant denies the allegations in Paragraph 70 of Plaintiff's FAC.

71.     Terphogz registered, trafficked in, and is using the domain **zkittlez.com** with a bad faith intent to profit from Wrigley's SKITTLES trademark.

Answer: Defendant denies the allegations in Paragraph 71 of Plaintiff's FAC.

72.     Terphogz's conduct constitutes cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

Answer: Defendant denies the allegations in Paragraph 72 of Plaintiff's FAC.

73.     Terphogz's willful and wrongful conduct has caused and is continuing to cause irreparable harm to Wrigley for which Wrigley has no adequate remedy at law. Terphogz and the Doe Defendants have been unjustly enriched and Wrigley's SKITTLES Marks have been damaged on account of the unlawful conduct of Terphogz and the Doe Defendants.

Answer: Defendant denies the allegations in Paragraph 73 of Plaintiff's FAC.

**COUNT 5**
**Illinois Uniform Deceptive Trade Practices Act**
**(815 Ill. Comp. Stat. 510/1 *et seq.*)**
**[Against All Defendants]**

74.     Wrigley re-alleges the allegations in Paragraphs 1 through 73, above.

Answer: Defendant realleges and incorporates herein its Answers to all the preceding Paragraphs.

75.     Wrigley owns the SKITTLES Marks for candy and other goods.

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in Paragraph 75 of Plaintiff's FAC, and on that basis denies them.

76.     Terphogz's and the Doe Defendants' use of the ZKITTLEZ Marks in connection with the advertising, promotion, marketing, distribution, and sale of cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise is likely to cause confusion that Wrigley licenses, sponsors, or approves those goods or is affiliated, connected, or otherwise associated with those goods.

Answer: Defendant denies the allegations in Paragraph 76 of Plaintiff's FAC.

77.     Terphogz advertises, distributes, and sells cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise under the ZKITTLEZ Marks to distributors and retailers, who Terphogz knows in turn advertise, resell, and distribute those goods to end users, including to end users in Illinois.

Answer: Defendant denies the allegations in Paragraph 77 of Plaintiff's FAC.

78.     Terphogz's and the Doe Defendants' use of the ZKITTLEZ Marks constitutes deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.*

Answer: Defendant denies the allegations in Paragraph 78 of Plaintiff's FAC.

79.     Terphogz's use of the ZKITTLEZ Marks also constitutes **contributory** deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.*

Answer: Defendant denies the allegations in Paragraph 79 of Plaintiff's FAC.

80.     Terphogz's and the Doe Defendants' willful and wrongful conduct has caused and is continuing to cause irreparable harm to Wrigley for which Wrigley has no adequate remedy at law. Terphogz and the Doe Defendants have been unjustly enriched and Wrigley's SKITTLES Marks have been damaged on account of the unlawful conduct of Terphogz and the Doe Defendants.

Answer: Defendant denies the allegations in Paragraph 80 of Plaintiff's FAC.

**COUNT 6**
**Trademark Infringement, False Designation of Origin, and Unfair Competition Under Illinois Law**
**[Against All Defendants]**

81. Wrigley re-alleges the allegations in Paragraphs 1 through 80, above.

Answer: Defendant realleges and incorporates herein its Answers to all the preceding Paragraphs.

82. Wrigley owns the SKITTLES Marks for candy and other goods.

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in Paragraph 82 of Plaintiff's FAC, and on that basis denies them.

83. Terphogz's and the Doe Defendants' use of the ZKITTLEZ Marks in connection with the advertising, promotion, marketing, distribution, and sale of cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise is likely to cause confusion that Wrigley licenses, sponsors, or approves those goods or is affiliated, connected, or otherwise associated with them.

Answer: Defendant denies the allegations in Paragraph 83 of Plaintiff's FAC.

84. Terphogz advertises, sells, and distributes cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise under the ZKITTLEZ Marks to distributors and retailers who Terphogz knows in turn advertise, resell, and distribute those goods to end users,including end users in Illinois.

Answer: Defendant denies the allegations in Paragraph 84 of Plaintiff's FAC.

85. Terphogz and the Doe Defendants' use of the ZKITTLEZ Marks constitutes direct trademark infringement, false designation of origin, and unfair competition in violation of Illinoiscommon law.

Answer: Defendant denies the allegations in Paragraph 85 of Plaintiff's FAC.

86. Terphogz's use of the ZKITTLEZ Marks also constitutes **contributory** trademark infringement, **contributory** false designation of origin, and **contributory** unfair competition in violation of Illinois common law.

Answer: Defendant denies the allegations in Paragraph 86 of Plaintiff's FAC.

87. Terphogz's and the Doe Defendants' willful and wrongful conduct has caused andis continuing to cause irreparable harm to Wrigley for which Wrigley has no adequate remedy at law. Terphogz and the Doe Defendants have been unjustly enriched and Wrigley's SKITTLES Marks have been damaged on account of the unlawful conduct of Terphogz and the DoeDefendants.

Answer: Defendant denies the allegations contained in Paragraph 87 of Plaintiff's FAC.

**COUNT 7**
**Illinois Anti-Dilution Act**
**(765 Ill. Comp. Stat. 1036/65)**
**[Against All Defendants]**

88.     Wrigley re-alleges the allegations in Paragraphs 1 through 87, above.

Answer: Defendant realleges and incorporates herein all the preceding Paragraphs.

89.     Wrigley owns common law and federally registered marks for SKITTLES for candy, Reg. No. 1,221,105.

Answer: Defendant lacks sufficient knowledge to form a belief regarding the allegations in Paragraph 89 of Plaintiff's FAC, and on that basis denies them.

90.     Wrigley's SKITTLES mark is distinctive, famous, and widely recognized by the general consuming public in the United States as a designation of source of candy manufactured by Wrigley and was so before Terphogz and the Doe Defendants commenced use of the mark ZKITTLEZ.

Answer: Defendant denies the allegations in Paragraph 90 of Plaintiff's FAC.

91.     Terphogz's and the Doe Defendants' ZKITTLEZ marks closely resemble Wrigley's SKITTLES marks.

Answer: Defendant denies the allegations in Paragraph 91 of Plaintiff's FAC.

92.     Terphogz's and the Doe Defendants' use of ZKITTLEZ marks in connection with cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise is likely to cause dilution by blurring by impairing the distinctive quality of Wrigley's SKITTLES marks in violation of the Illinois Anti-Dilution Act, 765 Ill. Comp. Stat. 1036/65.

Answer: Defendant denies the allegations in Paragraph 92 of Plaintiff's FAC.

93.     Terphogz's and the Doe Defendants' use of ZKITTLEZ marks in connection with cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise is likely to cause dilution by tarnishment by harming the reputation of Wrigley's famous SKITTLESmarks in violation of the Illinois Anti-Dilution Act, 765 Ill. Comp. Stat. 1036/65.

Answer: Defendant denies the allegations in Paragraph 93 of Plaintiff's FAC.

94.     Terphogz's use of ZKITTLEZ marks in connection with cannabis, cannabis- and CBD-related goods, drug paraphernalia, clothing, and merchandise also constitutes **contributory** dilution by blurring and **contributory** dilution by tarnishment.

Answer: Defendant denies the allegations in Paragraph 94 of Plaintiff's FAC.

95.     Terphogz's and the Doe Defendants' willful and wrongful conduct has caused and is continuing to cause irreparable harm to Wrigley for which Wrigley has no adequate remedy at law. Terphogz and the Doe Defendants have been unjustly enriched and Wrigley's SKITTLES Marks have been damaged on account of the unlawful conduct of Terphogz and the Doe Defendants.

<u>Answer:</u> Defendant denies the allegations in Paragraph 95 of Plaintiff's FAC.

To the extent not expressly admitted herein, Defendant denies each and every allegation contained in Plaintiff's FAC.

## <u>DEFENDANT'S AFFIRMATIVE DEFENSES</u>

For its affirmative defenses, Terphogz, for itself and no others, alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff delayed an unreasonable amount of time before bringing this action despite actual and/or constructive knowledge of Defendant's activities and marks. Plaintiff delayed an unreasonable amount of time before enforcing its alleged rights despite actual and/or constructive knowledge of marks used by others similar to those used by Defendant. Defendant has been prejudiced by Plaintiff's unreasonable delay. Therefore, Plaintiff's claims are barred by the doctrine of laches.

### SECOND AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

Plaintiff engaged in conduct that led Defendant to reasonably believe that Defendant could continue to use Defendant's marks. Defendant relied on this conduct and is now prejudiced by such reliance. As a result, Plaintiff's claims are barred by the doctrine of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

### (Genericness)

Varietal or cultivar names are designations given to cultivated varieties or subspecies of live plants or agricultural seeds. They are the generic name of the plant or seed by which such variety is known to the U.S. consumer. *See, e.g.*, *In re Pennington Seed Co.*, 466 F.3d 1053, 80 USPQ2d 1758, 1761-62 (Fed. Cir. 2006).

The term ZKITTLEZ has been used for many years by members of the public, relevant consumers, and the cannabis industry to identify a cannabis "strain" or plant varietal. U.S. Patent and Trademark Office examining attorneys have determined that ZKITTLEZ signifies to relevant consumers a strain of cannabis. Use of the ZKITTLEZ mark for cannabis is merely use of a generic designation and cannot constitute trademark infringement. As a result, one or more of Plaintiff's claims are barred.

## DEFENDANT'S COUNTERCLAIMS

Now comes the Counter-Plaintiff, Terphogz, LLC ("Terphogz"), and complaining of the Counter-Defendant, Wm. Wrigley Jr. Company ("Wrigley") alleges:

1.      This action arises under the federal Lanham Act, 15 U.S.C. §§ 1114 and 1125. Terphogz seeks a declaration of its rights as they relate to Wrigley's registered trademarks.

2.      Terphogz has common law rights in the marks ZKITTLEZ, TAZTETHEZTRAINBRO, ZKITTLEZ HEMP, ZKITTLEZ HEMP & Cloud Design, and a Z logo.

3.      Terphogz has five trademark registrations with the California Secretary of State using the letter "Z," some of which incorporate the words "The Original." The registration ID numbers for these marks are: 02003231, 02003222, 02003223, 02003224, and 02004514 .

4.      Wrigley alleges in its FAC that Terphogz's marks, including the ZKITTLEZ, TAZTETHEZTRAINBRO, ZKITTLEZ HEMP, ZKITTLEZ HEMP & Cloud Design, and Z logo marks, infringe on Wrigley's marks, including the SKITTLES, TASTE THE RAINBOW, and S logo marks.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief)

5.      Terphogz incorporates by reference Counterclaims Paragraphs 1 through 4 as though fully set forth herein.

///

///

## COUNT 1

### (No Infringement, Dilution, or Unfair Competition)

6.     Wrigley has asserted in this action that Terphogz is infringing and diluting its trademarks and is engaging in deceptive business practices and unfair competition and has demanded that Terphogz cease its use of its marks ZKITTLEZ, TAZTETHEZTRAINBRO, ZKITTLEZ HEMP, ZKITTLEZ HEMP & Cloud Design, and Z logo.

7.     Wrigley's allegations create an actual and immediate controversy between the parties that provides Terphogz with a right to seek declaratory relief pursuant to 28 U.S.C. § 2201.

8.     Pursuant to 28 U.S.C. § 2201, Terphogz is entitled to a declaration that it has not infringed or diluted Wrigley's trademarks or engaged in deceptive business practices and unfair competition through the use of the ZKITTLEZ mark.

9.     Pursuant to 28 U.S.C. § 2201, Terphogz is entitled to a declaration that it has not infringed or diluted Wrigley's trademarks or engaged in deceptive business practices and unfair competition through the use of the TAZTETHEZTRAINBRO mark.

10.     Pursuant to 28 U.S.C. § 2201, Terphogz is entitled to a declaration that it has not infringed or diluted Wrigley's trademarks or engaged in deceptive business practices and unfair competition through the use of the ZKITTLEZ HEMP mark.

11.     Pursuant to 28 U.S.C. § 2201, Terphogz is entitled to a declaration that it has not infringed or diluted Wrigley's trademarks or engaged in deceptive business practices and unfair competition through the use of the ZKITTLEZ HEMP & Cloud Design mark.

12.     Pursuant to 28 U.S.C. § 2201, Terphogz is entitled to a declaration that it has not infringed or diluted Wrigley's trademarks or engaged in deceptive business practices and unfair competition through the use of the Z logo mark.

13.     Pursuant to 28 U.S.C. § 2201, Terphogz is entitled to a declaration that it has not infringed or diluted Wrigley's trademarks or engaged in deceptive business practices and unfair competition through the use of any of the following California State Registered Trademarks:

Registration ID Nos. 02003231, 02003222, 02003223, 02003224, and 02004514.

## COUNT 2

### (Genericness)

14.     In the alternative to Defendant's marks being found non-infringing, the term ZKITTLEZ is a generic plant varietal, the use of which cannot constitute trademark infringement.

15.     Pursuant to 28 U.S.C. § 2201, Defendant is entitled to a declaration that any use of the term ZKITTLEZ for a cannabis strain or plant varietal is merely use of a generic designation and cannot constitute trademark infringement.

16.     Varietal or cultivar names are designations given to cultivated varieties or subspecies of live plants or agricultural seeds. They amount to the generic name of the plant or seed by which such variety is known in the industry and to the relevant U.S. consumer. *See, e.g., In re Pennington Seed Co.*, 466 F.3d 1053, 80 USPQ2d 1758, 1761-62 (Fed. Cir. 2006).

17.     The term ZKITTLEZ has been used for many years by the public, relevant consumers, and members of the cannabis industry to identify a cannabis strain or plant varietal.

18.     U.S. Patent and Trademark Office examining attorneys have identified ZKITTLEZ as signifying a strain of cannabis. *See* Application Ser. No. 88233663, Office Action dated August 22, 2019 (available at

https://tsdr.uspto.gov/documentviewer?caseId=sn88233663&docId=OOA20190822081824#docIndex=3&page=1) (last accessed December 15, 2021); and Application Ser. No. 88703373, Office Action dated July 28, 2020 (available at

https://tsdr.uspto.gov/documentviewer?caseId=sn88703373&docId=OOA20200312181432#docIndex=8&page=1) (last accessed December 15, 2021).

19.     The primary significance of the term ZKITTLEZ to relevant consumers is a generic designation for a cannabis strain or plant varietal.

20.     Pursuant to Section 1, 2, and 45 of the Lanham Act, 15 U.S.C. §§ 1051, 1052, and 1127, Defendant is entitled to a declaration that the term ZKITTLEZ has become generic for a

cannabis strain or plant varietal.

21.     Pursuant to Section 1, 2, and 45 of the Lanham Act, 15 U.S.C. §§ 1051, 1052, and 1127, Defendant is entitled to a declaration that its use of the term ZKITTLEZ has not infringed any registered mark owned by Plaintiff nor constituted a deceptive business practice or unfair competition.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's FAC, and having stated its presently known affirmative defenses and counterclaims, Defendant respectfully requests the following relief:

1.  That Plaintiff's claims be dismissed with prejudice;

2.  For an order holding that Defendant has not infringed or diluted any trademark rights or other rights that might belong to Plaintiff;

3.  For an order holding that ZKITTLEZ is generic for a cannabis strain or plant varietal;

4.  That Defendant be awarded its costs and disbursements to the extent allowed by statute or common law;

5.  That Defendant be awarded its attorneys' fees and costs; and

6.  That Defendant be awarded any other relief this Court deems just and proper.


Dated this 15th day of December, 2021.

By:  /Jacquelyn R. Prom/

Ashly I. Boesche
Jacquelyn R. (McPeak) Prom
PATTISHALL, MCAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP
200 South Wacker Drive, Suite 2900
Chicago, Illinois 60606
(312) 554-8000
aib@pattishall.com
jrp@pattishall.com

Timothy Alger (admitted *pro hac vice*)
EMERGE LAW GROUP
100 Spectrum Center Drive, Suite 900
Irvine, California 92618
(949) 936-2610
tim@emergelawgroup.com

*Attorneys for Defendant Terphogz, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true copy of the foregoing DEFENDANT TERPHOGZ, LLC'S

ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS was

filed electronically with the United States District Court on December 15, 2021. Notice of this

filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

*<u>/s/Jacquelyn Prom</u>*