# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WM. WRIGLEY JR. COMPANY, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> TERPHOGZ, LLC, a California limited liability company, and JOHN DOES 1-5, <br><br> Defendants. | Case No. 21-CV-02357 <br><br> Judge Jeremy C. Daniel <br><br> Mag. Judge Young B. Kim |

## JUDGMENT AND PERMANENT INJUNCTION

Pursuant to the Joint Motion for Entry of Judgment and Permanent Injunction by the Plaintiff Wm. Wrigley Jr. Company ("Wrigley") and the Defendant Terphogz, LLC ("Terphogz") and the Settlement Agreement between the parties, this Court hereby ORDERS, ADJUDICATES, and DECREES that the following Judgment and Permanent Injunction be entered in this action:

## JUDGMENT

It is found by the Court, with the consent of the Wrigley and Terphogz, that:

1. This Court has personal jurisdiction over Wrigley and Terphogz, has subject matter jurisdiction over this action, and venue is proper.

2. Wrigley is a Delaware corporation with its principal place of business at 1132 West Blackhawk Street, Chicago, Illinois 60642.

3. Terphogz is a California limited liability company with its principal place of business at 75 N. Main St. #118, Willits, CA 95490.

4. Wrigley, a leading candy manufacturer, owns the famous SKITTLES brand for candy.

5. Wrigley owns common law rights for the mark SKITTLES, the slogan TASTE THE RAINBOW, and the S logo (shown in the chart below) due to Wrigley's and its predecessors' longstanding use and successful advertising and sales. Wrigley also owns the following federally registered trademarks:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| SKITTLES | 1,221,105 | December 21, 1982 | Candy |
| *(S logo)* | 2,535,714 | February 5, 2002 | Confectionery, namely candy |
| *(Skittles logo)* | 2,727,071 | June 17, 2003 | Confectionery, namely, candy |
| SKITTLES | 4,175,199 | July 17, 2012 | Lip balm |
| *(Skittles logo)* | 4,377,303 | July 30, 2013 | Candy |
| *(Skittles logo)* | 4,393,854 | August 27, 2013 | Candy |
| TASTE THE RAINBOW | 5,073,429 | November 1, 2016 | Candy |

2

(Collectively, Wrigley's common law and federally registered marks for SKITTLES, TASTE THE RAINBOW and the S logo are referred to herein as the "SKITTLES Marks.")

6. Wrigley's trademark registrations are conclusive evidence of the validity of those marks, Wrigley's ownership of the marks, and Wrigley's exclusive right to use the marks in commerce in connection with the goods listed in the registrations. 15 U.S.C. § 1115(b).

7. Wrigley's SKITTLES Marks are inherently distinctive because they do not describe an attribute, quality, or characteristic of the candy or merchandise in connection with which they are used. Wrigley's SKITTLES Marks are famous among the general consuming public in the United States and were so beginning decades ago.

8. Terphogz has advertised, distributed and sold or granted a license for others to advertise, distribute, and sell goods using the marks ZKITTLEZ, TAZTETHEZTRAINBRO, ZKITTLEZ HEMP, and ZKITTLEZ HEMP & Cloud Design (these marks, slogans and logos are collectively referred to as the "ZKITTLEZ Marks"). Terphogz also registered the domain zkittlez.com and sold goods bearing the ZKITTLEZ Marks from that site which are depicted in this Court's opinion at *Wm. Wrigley Jr. Co. v. Terphogz, LLC*, 2021 U.S. Dist. LEXIS 221914, 2021 U.S.P.Q.2d (BNA) 1136, 2021 WL 5356229 (N.D. Ill. 2021).

9. Terphogz owns the following trademark registrations in California: Registration Nos. 02003231 (Z logo); 02003222 (Z logo); 02003223 (Z logo); 02003224 (Z logo); and 02004514 (Z Logo) (collectively referred to herein as the "California Z Logo Marks").

10. Terphogz filed applications in the U.S. Patent and Trademark Office ("USPTO") for ZKITTLEZ HEMP & Cloud Design: (1) Ser. No. 88/703,408 for CBD topical herbal extracts with a delta-9 tetrahydrocannabinol (THC) concentration of not more than 0.3 percent on a dry

3

weight basis (now abandoned); (2) Ser. No. 88/703,373 for Smokable hemp flower with a delta-9 tetrahydrocannabinol (THC) concentration of not more than 0.3 percent on a dry weight basis; Substances for smoking, namely, CBD concentrates and CBD oil infusions solely derived from hemp with a delta-9 tetrahydrocannabinol (THC) concentration of not more than 0.3 percent on a dry weight basis, namely, electronic cigarette liquid (e-liquid) comprised of flavorings in liquid form, other than essential oils, used to refill electronic cigarette cartridges; trays for rolling hemp cigarettes containing only hemp with a delta-9 tetrahydrocannabinol (THC) concentration of not more than 0.3 percent on a dry weight basis; and (3) Ser. No. 88/703,451 for Clothing, namely, t-shirts made primarily of hemp. Terphogz, LLC's ZKITTLEZ HEMP & Cloud Design is depicted below:



11. Wrigley filed Opposition Nos. 91265171 and 91273888 in the Trademark Trial & Appeal Board ("TTAB") to Terphogz, LLC's ZKITTLEZ HEMP & Cloud Design applications and the TTAB has stayed those proceedings (the "TTAB Actions").

12. In 2021, Wrigley commenced this action against Terphogz, alleging claims for trademark infringement, false designation of origin, unfair competition, trademark dilution, under federal and Illinois state law, and violation of the Federal Anti-Cybersquatting Consumer

4

Protection Act and the Illinois Uniform Deceptive Trade Practices Act. Terphogz denied the allegations in Wrigley's Complaint and First Amended Complaint.

13. Terphogz's manufacturing, distribution, marketing, and sale of cannabis, CBD- and THC-related goods, clothing and merchandise using the ZKITTLEZ Marks (as defined in Paragraph 8, above) constitute trademark infringement, false designation of origin, and unfair competition in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a); trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); cybersquatting in violation of the federal Anti-Cybersquatting Consumer Protection Act; deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.*; trademark infringement, false designation of origin, and unfair competition in violation of Illinois law; and dilution in violation of the Illinois Anti-Dilution Act, 765 Ill. Comp. Stat. 1036/65. The parties have entered into a Settlement Agreement to resolve the dispute and conclude the litigation.

14. An injunction is required to stop the likelihood of confusion and dilution and prevent irreparable injury to Wrigley.

## **PERMANENT INJUNCTION**

In view of the foregoing, it is ordered, judged, and decreed that:

a) Terphogz and its agents, servants, employees, corporate and entity affiliates related through common ownership or control, such as Terphogz Intellectual Property Corporation, successors, assigns, and all persons or entities acting in concert or participation with or under the control of any of them are permanently enjoined and restrained from:

  i. Using, applying for or registering or causing others to use, including by licensing, apply for or register any name, mark, designation, domain name, social media

      handle, or design the SKITTLES Marks, the ZKITTLEZ Marks, or any name, mark, designation, slogan, domain name, social media handle, or design containing the term ZKITTLEZ, ZKITTLES, SKITTLEZ, SKITTLZ, ZKITTLZ, ZKITZ, ZKITS, SKITS, ZKITZ, ZKIT, SKIT or any confusingly similar term, the California Z Logo Marks or any confusingly similar marks, or TASTE THE STRAIN BRO, TASTE THE Z TRAIN, or any similar slogans.

ii. By way of limited example, Terphogz shall not use the SKITTLES Marks, the ZKITTLEZ Marks, the California Z Logo Marks or any similar marks (a) to identify or describe any company, product, service or cultivar, including in phrases such as "formerly known as Zkittlez," "made by the creator of Zkittlez," "if you liked Zkittlez you will love brand X," (ii) in posts, reposts, videos, photographs, images, pictures, text or links on its website, any social media account or YouTube or TikTok account or channel, including on the Instagram accounts "_TheOriginalZ_" and "terphogz_official," or allow others to do so on its web site or social media accounts, (iii) as keywords, AdWords or in any type of search engine optimization or (iv) use the SKITTLES Marks, the ZKITTLEZ Marks or any similar marks in any way that refers, suggests, alludes, conjures, conveys, imitates, simulates, sounds like, looks like, abbreviates or otherwise draws a connection, directly or indirectly, to the SKITTLES Marks, including by way of limited example using designs or images of candy manufactured by Wrigley or its affiliates or designs or images of candy that are similar to candy manufactured by Wrigley or its affiliates in connection with any product or service.

      iii.     Notwithstanding any other provision in this Judgment, Terphogz may use the letter Z alone or in combination with other words, numbers and letters, including but not limited to Z3, TERPHOGZ, BRAINZ, ZMO, ZRUNTZ, if the letter Z (a) does not appear within, in conjunction with or in proximity to a lentil or circular shape or any similar design, (b) does not appear in the color red in Pantone color codes 172-173, 179-180, 185-187, 192, 199-200 (regardless of whether coated, uncoated or matte) or against a background that is completely or predominantly in the color red in the above Pantone color codes, and/or (c) does not appear in conjunction with a rainbow color scheme (meaning the colors red, orange, yellow, green, blue and violet in consecutive bands). Terphogz may use "The Original Z" to identify in packaging, labeling, and product lists a cannabis strain or cultivar, provided that it complies with applicable government law, rules or regulations, and may use the social media handle "__TheOriginalZ__" on Instagram and other social media platforms.

b) Terphogz shall abandon with prejudice its federal trademark applications and California trademark registrations identified in the Judgment as provided by the Settlement Agreement.

c) Terphogz shall relinquish the domain **zkittlez.com** to Wrigley as provided by the Settlement Agreement.

d) Terphogz shall send a notice to customers and vendors as provided by the Settlement Agreement.

e) Terphogz and all others holding by, through or under it are hereby required, jointly and severally, to cease using and shall sell off, redesign, repackage, or otherwise dispose of all existing

7

materials in their possession, custody or control that violate Section (a), above, within the time periods proscribed in the Settlement Agreement.

f) The Parties shall comply with the Settlement Agreement, the terms of which are incorporated herein by reference.

g) The Court dismisses the claims and counterclaims in this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) with prejudice, with all Parties bearing their own attorney's fees and costs.

h) The Court retains continuing jurisdiction to enforce the terms of this Judgment and Permanent Injunction and the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: _____  _____

Hon. Jeremy C. Daniel
United States District Judge